## Case No. 15,892.

### UNITED STATES v. NINETY-TWO BARRELS OF RECTIFIED SPIRITS.

[8 Blatchf. 480.] [1]

Circuit Court, N. D. New York. June 20, 1871.

FORFEITURE—POSSESSION OF PROPERTY—SEIZURE —JURISDICTION.

1. Jurisdiction to proceed by information for the condemnation of property forfeited under the revenue laws, depends upon the possession of the property, actual or constructive.

2. Property was seized, as forfeited for a violation of the internal revenue laws. Before any information was filed, the property was bonded, under section 48 of the act of June 30, 1864, as amended by section 9 of the act of July 13, 1866 (14 Stat. 111), and surrendered. An information was then filed against the property, counting on a violation of the said 48th section, and also of section 26 of the act of July 13, 1866 (14 Stat. 154). On the trial, in the district court, there was a verdict for the claimant on the count based upon the said 48th section, and a verdict for the United States condemning the property, on the count based upon the said 26th section: Held, that the verdict of condemnation could not be sustained, because, when the information was filed, the property was not, actually or constructively, under seizure, as respected proceedings for a violation of the said 26th section.

3. Nor was the difficulty remedied by the fact, that, after the information was filed, the property was reseized, and then taken possession of by the marshal, on a monition founded on the information, and then bonded by its owner.

[Error to the district court of the United States for the Northern district of New York.]

Joseph R. Swan, for plaintiffs in error.
William Dorsheimer, U. S. Dist. Atty.

WOODRUFF, Circuit Judge. Jurisdiction to proceed by information for the condemnation of property forfeited under the revenue laws, depends upon the possession of the property, actual or constructive. There must be a seizure, and that seizure must continue, unless, as in section 48 of the act of June 30, 1864, as amended by section 9 of the act of July 13, 1866 (14 Stat. 111), there is special authority given to the officer or person making the seizure to take a bond for its value, which, in such case, is treated as a substitute for the property itself.

In this case, the property was seized on the 26th of September, 1867, but, before any information was filed, the collector making the seizure had surrendered the possession of the property to the owner. He received, on such surrender, a bond for its value, as authorized by the said 48th section, when a seizure is made for the cause mentioned in that section. By taking such bond and surrendering the property, the collector did not waive the claim to a forfeiture. On filing such bond, it would become the duty of the district attorney to proceed, and the court had jurisdiction of the matter; but, to make such jurisdiction effectual, the process of the court must be served by notice to the parties executing the bond, and, thereupon, the proceeding would have like effect as if, after the seizure, and before the surrender, the proceeding had been commenced, and the property had been taken by the marshal under process In such case, the bond is required as a substitute for the property. But the district attorney, although he filed an information on the 7th day of October, did not proceed as for property bonded under the 48th section. He counted upon a violation of that section as one ground of forfeiture, but no notice was given to the parties executing the bond. The proceedings upon that count failed on the merits, and the judgment against the claimant and his sureties cannot be sustained by the 48th section, not only because that section was not complied with by giving the notice prescribed therein, and because the rules of the court were not observed, but also, and conclusively, because the verdict of the jury was for the claimant upon that count of the information.

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

If the judgment can be sustained at all, it is by the second count in the information, which is for a violation of the 26th section of the act of July 13th, 1866 (14 Stat. 154). When a seizure is made for a violation of the provisions of that section, the seizing officer has no authority to take a bond and surrender the property. No such bond can, therefore, be regarded as a substitute for the property seized. When, therefore, the information was filed, there was no property actually or constructively in possession, warranting a proceeding by information in rem.

An effort was made to remedy this defect. The collector, being advised that his surrender of the property was improper, made, on the 22d of October, a reseizure, after which a monition, founded on the information theretofore filed, was issued to the marshal, and, by virtue of that process, the marshal took possession of the property. Thereupon, the owner claiming the property applied to the court and gave bond for its value, and obtained possession thereof, according to the customary and proper practice in proceedings to enforce a forfeiture, where the property is liable to perish or to become greatly reduced in value by keeping, &c. This did not preclude the claimant from insisting, as he did, by answer to the information filed before such re-seizure, that, when the information was filed, there was no jurisdiction to proceed for a condemnation of the property under the second count of the information. He was at liberty to defend the suit by all just and legal defences. The owner of goods seized by the marshal is not compelled to submit to their loss by perishing or their being wasted by keeping; nor does his appearance and giving bond to avert that result preclude his alleging that the information filed did not warrant a taking of the property by the marshal.

After the reseizure by the collector, a new information should have been filed, counting upon that seizure and alleging the grounds of forfeiture. Then, the court would have had jurisdiction; and then a verdict of the jury, finding the cause of forfeiture under the 26th section, would have warranted the condemnation of the property, and a judgment against the parties giving bond, (if such bond had, in that case, been given,) would have been regular and legal. But the present judgment stands only upon an information filed against property not under seizure, and of which there was no possession, actual or constructive, warranting condemnation under the 26th section, under which alone the judgment was pronounced. This conclusion necessarily results from the decisions in The Ann, 9 Cranch [13 U. S.] 289; The Josefa Segunda, 10 Wheat. [23 U. S.] 312; and The Abby [Case No. 14], where it is held, that, to sustain a condemnation, there must be a good subsisting seizure at the time when the information is filed. These cases nor the present regard a forcible, tortious, or fraudulent dispossession of the seizing officer as invalidating or displacing a seizure; and I do not suggest that a proceeding may or may not be valid where the owner voluntarily waives actual seizure and voluntarily appears and answers to an information, as to which see U. S. v. The Henry [Id. 15,352]. Here, the proceeding was altogether hostile. When the information was filed there was no subsisting seizure, and the bond given was necessarily given to save the property.

I am of opinion that the judgment is erroneous and should be reversed.