## UNITED STATES v. 3 UNLABELED 25-POUND BAGS DRIED MUSHROOMS, et al.

### BEITCH v. UNITED STATES.
#### No. 8988.

Circuit Court of Appeals, Seventh Circuit.
Oct. 17, 1946.

Benjamin F. Morrison, of Chicago, Ill., for appellant.

J. Albert Woll, U. S. Atty., John M. Kiely and M. C. Handelman, Asst. U. S. Attys., all of Chicago, Ill., Theron L. Caudle, Asst. Atty. Gen., of Washington, D. C. (Vinsent A. Kleinfeld, Atty., Department of Justice, of Washington, D. C., of counsel), for appellee.

Before SPARKS and MINTON, Circuit Judges, and BRIGGLE, District Judge.

MINTON, Circuit Judge.

The United States filed a libel against three bags and two boxes of mushrooms shipped in interstate commerce, claiming they were adulterated within the meaning of the Federal Food, Drug, and Cosmetic Act.[1] One H. Beitch, doing business as the Russian-Polish Importing Company, appeared as claimant and answered, taking issue among other things with the allegation

---

[1] 21 U.S.C.A. § 301 et seq., 52 Stat. 1040 et seq.

that the mushrooms were adulterated. A trial was had before the court. The court found the mushrooms were adulterated within the meaning of the Act, and on July 13, 1945 entered a decree that the mushrooms be condemned, forfeited, and destroyed.

The claimant filed a motion to vacate this judgment and for a new trial. This motion was overruled on the 11th day of October, 1945, at which time the claimant gave notice of appeal. In the meantime, no stay of the court's order or decree having been entered, the Marshal destroyed the mushrooms. Therefore, the subject matter of the libel and of this action is no longer in existence.

■ The continued existence of the mushrooms is essential to our right to proceed against the things themselves. The action is an action in rem. In such a proceeding, there is no party defendant. The goods stand to answer. They are the offenders. Day v. Micou, 85 U.S. 156, 162, 21 L.Ed. 860; National Bond & Investment Co. v. Gibson, D.C., 6 F.2d 288, 290.

■ The decree of the District Court goes against the mushrooms. The decree having been entered and executed, the proceeding is functus officio.

■ Counsel for the Government readily admits the matter is moot here and counsel for the claimant reluctantly admits it is moot, but both parties ask us to decide the issue between them. This we decline to do. If we were to affirm the judgment, the District Court could not destroy the mushrooms. They have already been destroyed. If we reversed the judgment, there would be no mushrooms to restore to the claimant. The cause is clearly moot. We are not authorized to decide arguments but only "cases and controversies." 14 Am.Jur., Courts, § 49.

In a cause where the facts were identical with those in this cause, except that they arose under the Tariff Act instead of the Federal Food, Drug, and Cosmetic Act, the appeal was dismissed. See Eureka Productions, inc., v. Mulligan, 2 Cir., 108 F.2d 760. From an early date it has been held that in forfeiture proceedings such as this, the continued existence of the articles is essential. United States v. Ninety-two Barrels of Rectified Spirits, Fed. Cas. No. 15,892, 8 Blatchf. 480 (1871).

The appeal is dismissed.