## UNITED STATES v. 8 CARTONS, CONTAINING "PLANTATION 'THE ORIGINAL' etc., MOLASSES."

### No. 4813.

United States District Court
W. D. New York.

Aug. 2, 1951.

See also, D.C., 97 F.Supp. 313.

Nixon, Hargrave, Middleton & Devans, Rochester, N. Y., for claimant, Patrick H. Sullivan, New York City, W. Clyde O'Brien, Rochester, N. Y., of counsel.

George L. Grobe, U. S. Atty., Buffalo, N. Y., for libellant, Henry W. Killeen, Jr., Asst. U. S. Atty., Buffalo, N. Y., Joseph L. Maguire, Washington, D. C., of counsel.

BURKE, District Judge.

This is a motion by the claimant, the publisher of the book "Look Younger, Live Longer" by Gayelord Hauser, and the owner of 25 copies of the book seized by the Government, to dismiss the amended libel in so far as it relates to the seized copies of the book, on the ground that the amended libel in so far as it relates to the books fails to state a claim upon which relief can be granted under the Federal Food, Drug and Cosmetic Act, 21 U.S.C.A. § 301 et seq. The claim is that the book did not and does not constitute "labeling" within the meaning of the Act. Heretofore, on April 14, 1951, on motion of the publisher, the original libel in so far as it related to the book "Look Younger, Live Longer" was dismissed and the seizure of the books vacated.

The amended libel alleges in part that the book contains statements which represent and suggest that the article (blackstrap molasses) will add five youthful years to an individual's life, is an excellent source of many B vitamins, is effective in the treatment of deficiencies of B vitamins, is effective in the prevention and treatment of menopausal difficulties and menstrual abnormalities, is effective in inducing sleep, is effective to prevent and correct nervousness, to grow hair and correct baldness, to restore gray hair and correct baldness, to restore gray hair to its natural color, is effective to promote better digestion, healthy nerves, healthy heart and to prevent and correct constipation, poor digestion, tiredness, heart trouble, neuritis and gas, is effective to prevent change due to old age, and is effective to promote functioning of the glands, all of which statements are claimed to be false and misleading since the article is not capable of fulfilling the promises of benefit made for it and is not effective for the purposes stated and implied. It alleges that the book accompanied the molasses as "labeling" when the article was introduced into, while in, and while held for sale after shipment in interstate commerce. It alleges that on or about January 13, 1951 in a store conducted by Nature Food Centres at Rochester, New York, a window display featured a re-print of an article by the author of the book, Gayelord Hauser, which appeared in the January, 1951 issue of Cosmopolitan magazine, and a printed list which reads in part as follows:

"Hauser Dieters. Now you can order all products for the Hauser diet and Gayelord Hauser books by mail—'Plantation' Blackstrap Molasses 33¢, Nature Food Centres"

"We have all foods and books for the Hauser diet. Come in for full information."

It alleges further that a copy of the book was prominently displayed in the store window of Nature Food Centres at 401 East Main Street, Rochester, New York together with a number of jars of "plantation" blackstrap molasses. It alleges further that in response to such invitation to "come in for full information" that it was the customary practice to hand a prospective purchaser of "Plantation" blackstrap molasses a copy of the book "Look Younger,, Live Longer", by Gayelord Hauser, and to refer such prospective purchaser to the index of

the book wherein references are made to those pages which pertain to the uses and purposes of blackstrap molasses. It alleges that by reason of the foregoing uses to which the book was put and as part of the same interstate transaction and distributional scheme in connection with the marketing of "Plantation" blackstrap molasses, such book constituted "labeling" for the article as defined in the Act, when the article was introduced into, while in, and while held for sale after shipment in interstate commerce.

■ The publisher, concededly not a party to the plan of distribution and having no connection with Nature Food Centres in the marketing of molasses, claims that the Act provides no authority for the seizure and condemnation of its books as "printed matter accompanying" an article. I can see no warrant in reason for such a narrow construction of Section 334 of the Act nor do I find any authoritative decisions indicating that the seizure provisions of the Act should be so circumscribed.

■ The publisher further claims that to construe the publisher's book as "labeling" of "Plantation" blackstrap molasses would violate the publisher's right of freedom of the press under the Federal Constitution, and that this summary seizure of copies of the book as "labeling" of a commercial product violates the constitutional guarantee of freedom of the press. The Administrator by resorting to the seizure provisions of the Act does not undertake to interfere with the publication or circulation of the publisher's book. The seizure has not interfered with the bona fide sale of the book. The publisher may continue to sell its books wherever it finds a market, even in food stores, and even in stores where "Plantation" blackstrap molasses is sold. The seizure relates not to books offered for bona fide sale but to copies of the book claimed to be offending against the Act by being associated with the article "Plantation" Blackstrap Molasses in a distribution plan in such a way as to misbrand the product.

Motion denied. It is hereby so ordered.