**UNITED STATES of America**
v.
**ARTICLES OF DRUG, etc.**
Civ. A. No. P–2468.

United States District Court
S. D. Illinois, N. D.
Jan. 10, 1963.

Edward R. Phelps, U. S. Atty., Springfield, Ill., Richard E. Eagleton, Asst. U. S. Atty., Peoria, Ill., for Government.

Kavanagh, Bond, Scully, Sudow & White, Peoria, Ill., for Carlton Fredericks, intervener.

MERCER, Chief Judge.

This case is a libel of information by the United States against divers vitamin and mineral compounds offered for sale by Century Food Company after shipment in interstate commerce, alleging that each such article of drug is misbranded. Misbranding is alleged to arise from the fact that various pam-

phlets and articles of lierature accompanying the several drug products contain false and misleading representation as to medical guidance for the use of vitamins and minerals in the cure of serious diseases. One such book alleged to constitute a false labeling of the drug products is a paper back book entitled, "Eat, Live and be Merry," written by the intervenor, Carlton Fredericks.

Fredericks intervened in the cause pursuant to an order of this court and filed an answer to the libel, as amended. The cause is now before the court upon the libellant's motion to strike certain portions of the intervenor's answer and the intervenor's four affirmative defenses.

■ It seems apparent from the briefs directed to this motion, that there may exist some misconception as to the issue presented by this libel. In view of that misconception, I think it wise at the outset to articulate the issue involved in this case, insofar as it relates to the intervenor's book. The only issue before the court, in that regard, is the question whether the intervenor's book is being used by Century as labeling for the accused drug products, and, if so, whether that use of the book as labeling constitutes false and misleading representations and misbranding. If the books seized are so used with that effect, then the book, to the extent of that use as a labeling for Century's products, is subject to seizure and condemnation by the Food and Drug Administration. United States v. 8 Cartons, etc., Molasses, W.D. N.Y., 103 F.Supp. 626.

■ The merits of intervenor's book, as a book, are not an issue in the case. In like manner, intervenor's competency and integrity as an authority on nutrition is not an issue.

With the issues so defined, it is clear that the averments of the answer and the affirmative defenses to which the motion to strike is directed are, with one exception to be noted, irrelevant to the issues in this case.

Paragraph 2(E) of the answer is in the following language:

"[Intervenor] denies the allegations of the final paragraph of the amendment to the libel of information, and alleges further that these allegations are defective since, on their face, they do not purport to relate to the seized articles but rather directly challenge the merits of the book itself and the professional competence of Fredericks personally."

The Government moves to strike all of that paragraph, except the first 15 words which deny the allegations of the libel. That motion is well taken. The paragraph of the amended libel to which the motion relates asserts in summary, the misbranding of the drug products by the use of the intervenor's book, because of representations therein contained that intervenor is America's foremost nutritionist, and that the book furnishes scientifically proven nutritional and medical guidance for the supplemental use of vitamins and minerals, generally, in the treatment and prevention of serious diseases. Each of those statements and assertions is alleged to be false and misleading. Issue is joined by the denial of those allegations.

As I have pointed out above, neither intervenor's professional competency nor the merit of the book, "Eat, Live and be Merry", as a book, is an issue in this case. To the extent that they enter the case at all, these facts are a part of the Government's proof of misbranding, once the Government has sustained the burden of showing that the book was used as a label for these drug products. All of paragraph 2 of the answer, except the denial of the libel allegations contained in the first 15 words of that paragraph, are irrelevant to any issue in this case and should be stricken.

■ Paragraph 3 of the answer alleges, in summary, that the intervenor had no knowledge of the nature of the seized drug articles or of the operation

of Century, that Century's use of intervenor's book to sell or promote the seized articles was not authorized by intervenor, that intervenor had no knowledge of the efficacy of the seized articles for the treatment of any disease, and that over 20,000 copies of intervenor's book have been sold through book stores and other outlets to the public.

Each of those averments of fact is completely irrelevant to any issue in this case. In fact, a fair reading of the libel imports the implication that intervenor was not culpable in the premises alleged. Certainly there is no allegation in the libel that intervenor had any knowledge of Century's operation, or drug products, or that intervenor's book was used as labeling for those products by his authority. If it be assumed that intervenor had no knowledge of Century's operation, and had not authorized Century's use of his book as labeling for its drug products, copies of intervenor's book would, nevertheless, be subject to seizure to the extent that they were used and are being used as false labeling for Century's products. And the fact of the matter as to whether one copy, twenty thousand copies, or twenty million copies of intervenor's book have been sold to the public is a fact which is simply wholly alien to the case at bar. Paragraph 3 of the answer will be stricken.

■ Intervenor's first affirmative defense alleges, in substance, that the libel of information, as amended, fails to allege any basis upon which intervenor's book can be seized.

Frankly, I fail to see that the first affirmative defense adds anything to intervenor's answer which had not previously therein been accomplished by the denial of the allegations of the libel, as amended. To me, the first defense is merely repetitious of the denial of the truth of the allegations of the libel. However, that defense is not subject to objection and the Government's motion to strike the first affirmative defense is without merit.

Intervenor's second affirmative defense avers that the seizure of intervenor's book in connection with this case constitutes a prior restraint in violation of the First Amendment to the Constitution of the United States.

The third affirmative defense avers that the seizure of intervenor's book in this case exceeded the authority granted to the Government by the Federal Food, Drug & Cosmetic Act.

■ The Act prohibits false labeling and misbranding, and authorizes the seizure of articles which are so misbranded. Certainly, the Act contemplates that a book, as well as any other type of representation, may be so used as to become a label for an article offered for sale. It was so held in United States v. 8 Cartons, etc., Molasses, supra, in which the court entered a judgment of condemnation against a book to the extent that it was used as a label for the sale of a brand of black strap molasses. The same case resolved the issue of the constitutionality of that seizure, the court holding that the First Amendment does not prohibit the seizure and condemnation of a book which was being used as prohibited labeling. The court was careful there to point out that the condemnation related to the use of the book for that purpose, only, and that it could not operate as a restraint upon the sale of the book through book stores or other outlets. As the court there suggested, the condemnation did not prohibit the sale of the book in food stores, and even in stores in which the brand of molasses involved was offered for sale, so long as the book was not offered in conjunction with the product as a label for the product.

Measured by the statute and by the decision in the Molasses case, which I approve, neither the second nor the third affirmative defenses states a defense to the libel in this case.

The Fourth affirmative defense is in the following language:

"As evidenced by the Food & Drug Administration's press release on the

seizure, attached to the answer as Exhibit A, which the Food & Drug Administration widely disseminated, the seizure of the book 'Eat, Live and be Merry' constituted an illegal attempt to challenge personally the competence of its author, Carlton Fredericks, and the merits of statements contained in the book."

■ Exhibit A attached to the answer is a press release of the Food & Drug Administration dated Saturday, November 25, 1961, relating to the filing of this libel, which quotes part of the libel with reference to intervenor's book.

The defense will be stricken. The fact that the Food & Drug Administration, did or did not issue a press release related to this seizure, regardless of whether statements contained in any such press release are accurate or inaccurate in their reference to intervenor's book, is wholly immaterial to any issue which can properly be raised in this case. Even if it be assumed, as I do not assume, that the Food & Drug Administration acted with some ulterior motive in issuing the press release of which complaint is made, that has no bearing upon the decision of the case at bar. The issue is a simple one, whether the drug products sought to be condemned by the libel were misbranded by the use, among other things, of intervenor's book as labeling.

It is hereby ordered that the motion by the United States to strike the first affirmative defense is overruled. The motion by the United States to strike a part of paragraph 2(E) and paragraph 3 of the answer and to strike the second, third and fourth affirmative defenses is allowed.

■ The cause is presently before the court, also, upon the objection by the United States to interrogatories numbered 16 through 19, inclusive, proposed by the intervenor. Each of these interrogatories requests the United States to explain the basis for statements contained in the press release to which allu-

sion has hereinabove been made. Thus each of the interrogatories to which objection is made is irrelevant to the issues in this case and the objection thereto should be sustained.

As hereinabove suggested, the subject matter of this suit is the articles of drugs and the labeling material seized by the Government, and the issue to be presented to the court is the question whether the labeling material misbrands the subject drugs by any false or misleading statements therein contained. See, United States v. 3 Unlabeled, 25 Pound Bags Dried Mushrooms, 7 Cir., 157 F.2d 722. The press release has no relevancy to that issue, and interrogatories delving into the basis for statements made in that press release cross over into the field of the ridiculous.

The objections by the United States to intervenor's interrogatories 16, 17, 18 and 19, are sustained.