510 F.2d 272
 FIDELITY STANDARD LIFE INSURANCE COMPANY, Plaintiff-Appellee,
v.
FIRST NATIONAL BANK & TRUST COMPANY OF VIDALIA, GEORGIA,
Defendant-Third-Party Plaintiff-Appellant,
v.
SECURITY MUTUAL CASUALTY COMPANY, Third-Party Defendant.
 No. 74--3844 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 March 24, 1975.
Rehearing Denied April 14, 1975.
 
 Paul W. Calhoun, Jr., Vidalia, Ga., Little, Schwartz & Dussom, New Orleans, La., for defendant-third-party plaintiff-appellant.
 Robert S. Reeves, Swainsboro, Ga., Harry McCall, Jr., New Orleans, La., Dow N. Kirkpatrick, II, Earle B. May, Jr., Atlanta, Ga., for plaintiff-appellee.
 Appeal from the United States District Court for the Southern District of Georgia.
 Before COLEMAN, AINSWORTH and SIMPSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Fidelity Standard Life Insurance Company sued in federal district court below to enforce a $281,685.71 judgment against appellant which it obtained in Civil District Court in Orleans Parish, Louisiana. In a thorough and well-reasoned opinion, Judge Lawrence held that the Louisiana judgment was entitled to full faith and credit and granted summary judgment in favor of Fidelity Standard. On appeal, appellant claims that the district court erred in not looking behind the Louisiana judgment to determine whether Louisiana properly asserted in personam jurisdiction over appellant under Louisiana's long-arm statute. We agree with the district court that the jurisdictional issue could not be collaterally relitigated, and therefore affirm.
 
 
 2
 Appellant's sole argument is that the Louisiana judgment is void because that state lacked jurisdiction to determine the case. But the jurisdictional issue was duly raised, argued and decided by the Louisiana Civil District Court. Because the jurisdictional issue was fully litigated in the original court, this issue may not be relitigated by way of collateral attack. The Supreme Court has noted that its decisions have 'carefully delineated the permissible scope' of an inquiry into a foreign court's jurisdiction to render a judgment when a court is asked to give effect to the judgment of another state. Durfee v. Duke, 375 U.S. 106, 111, 84 S.Ct. 242, 245, 11 L.Ed.2d 186 (1963).
 
 
 3
 From these decisions there emerges the general rule that a judgment is entitled to full faith and credit--even as to questions of jurisdiction--when the second court's inquiry discloses that those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment.
 
 
 4
 375 U.S. at 111, 84 S.Ct. at 245 (emphasis added). Accord, Sherrer v. Sherrer, 334 U.S. 343, 348, 68 S.Ct. 1087, 92 L.Ed. 1429 (1948); Treinies v. Sunshine Mining Co., 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85 (1939); Baldwin v. Iowa State Traveling Men's Association, 283 U.S. 522, 51 S.Ct. 517, 75 L.Ed. 1244 (1931). There is no contention raised here that the Louisiana judgment is not final, or that the jurisdictional issue had not been actively litigated and fairly decided in the Louisiana forum. Thus, the lower court was obligated to give full faith and credit to the judgment.
 
 
 5
 The Louisiana judgment is presently pending appeal in the state court system. This fact does not affect the judgment's binding force in a second court as to all issues, including that of jurisdiction, where the appeal remains binding and final between the parties under the law of the state rendering the judgment. Denham v. Shellman Grain Elevator, Inc., 5 Cir., 1971, 444 F.2d 1376, 1380; Maner v. Maner, 5 Cir., 1969, 412 F.2d 449, 451. A case pending appeal is res judicata and entitled to full faith and credit unless and until reversed on appeal. Grantham v. McGraw-Edison Co., 7 Cir., 1971, 444 F.2d 210, 217; Prager v. El Paso National Bank, 5 Cir., 1969, 417 F.2d 1111; A. F. Pylant, Inc. v. Republic Creosoting Co., 5 Cir., 1961, 285 F.2d 840, 841--842; United States v. Nysco Laboratories, E.D.N.Y., 1963, 215 F.Supp. 87, 89, aff'd, 2 Cir., 318 F.2d 817; 1B J. Moore, Federal Practice 0.416(3) (1974). Thus, should appellant prevail on its jurisdictional claim in the Louisiana courts, it would be entitled to relief from judgment in the court below.
 
 
 6
 Affirmed.
 
 
 
 *
 Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I