United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 14, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————————

No. 06-11192

———————————————

In The Matter Of: JORGE L. QUINTANA, SR.,

Debtor,

-------------------------------------------

JORGE L. QUINTANA, SR.,

Appellant,

versus

AMERICAN GENERAL HOME EQUITY, INC.,

Appellee.

———————————————

Appeal from the United States District Court
for the Northern District of Texas
(06-CV-699)

———————————————

Before GARWOOD, JOLLY, and STEWART, Circuit Judges.

PER CURIAM:[1]

In a prior proceeding, Jorge Quintana (Quintana) moved to vacate American General Home Equity, Inc.'s (AGHE) judgment lien against his property. That motion was adjudicated and denied,

---

[1] Per 5th Cir. R. 47.5, the court has decided that this opinion should not be published and is not precedent except under those limited circumstances set forth by 5th Cir. R. 47.5.4.

explicitly with prejudice, by the Bankruptcy Court for the Northern District of Texas on January 9, 2006. In the subsequent bankruptcy court proceedings that form the basis for this appeal, Quintana renewed his claim that AGHE's lien should be vacated because it had been extinguished by a prior New York state court ruling; additionally, he claimed that the lien was void because AGHE failed to file a proof of claim. The bankruptcy court correctly denied Quintana's renewed claim because it was *res judicata* due to the January 9, 2006 judgment, then currently pending appeal. *Matter of West Tex. Mktg. Corp.*, 12 F.2d 497, (5th Cir. 1994) (holding that a dismissal with prejudice is a decision on the merits); *Fidelity Standard Life Ins. Co., v. First Nat'l Bank & Trust Co. of Vidalia Ga.*, 510 F.2d 272, 273 (5th Cir. 1975) (holding that a judgment pending appeal is *res judicata* unless and until reversed on appeal). The bankruptcy court also correctly dismissed Quintana's second argument because a creditor need not file a proof of claim in order to maintain his lien. 11 U.S.C. § 506(d); *Matter of Taylor*, 132 F.3d 256, 260–61 (5th Cir. 1998).

For the foregoing reasons, the judgment of the district court is affirmed.

AFFIRMED.