[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-11443

Non-Argument Calendar

_____

MARLON MIGUEL BROWN,

Plaintiff-Appellant,

*versus*

ROMEYN ZABALA,
Nurse

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:24-cv-00156-JLB-NPM

_____

Before LAGOA, KIDD, and WILSON, Circuit Judges.

PER CURIAM:

Marlon Brown, an inmate proceeding *pro se*, appeals the district court's finding that his 42 U.S.C. § 1983 complaint alleging deliberate medical indifference was barred by collateral estoppel. After careful review, we affirm.

## I. BACKGROUND

In February 2024, Brown, a Florida prisoner, filed a *pro se* complaint naming Nurse Romeyn Zabala as the sole defendant and alleging violations of § 1983 relating to prison medical staff's failure to provide him with necessary medical treatment. Brown asserted that, in September 2020, he was getting ready for a medical appointment when he slammed his hand in a locker door, injuring his ring and pinky fingers. When he arrived at the prison infirmary for the unrelated medical visit, Brown told Zabala that he believed his fingers were broken, but she declined to examine them and told him to place a separate sick call for that issue. Brown alleged that he placed multiple sick call requests and voiced his concerns about his fingers during several unrelated medical appointments with the following individuals: (1) "Defendant A. Themidor," (2) "Defendant Ricewick," (3) "Defendant Beard," and (4) "Defendant J. Jackson." However, these purported "Defendant[s]" were not listed as parties to the instant complaint.

Brown further asserted that his repeated pleas for treatment were rebuffed, he did not receive an appointment for his fingers until December 2020, and x-rays done in January 2021 revealed that his fingers were fractured. Further medical appointments the following year found that Brown had a "decrease in extension" in his injured fingers and that his ring finger "lock[ed] in the close position when a fist [wa]s made." He was later diagnosed with "trigger fingers" and "chronic mallet fingers with complete tears of the tendons" in his ring and pinky fingers. Brown alleged that Zabala and other prison medical staff failed to recognize his injuries and perform standard medical tests to diagnose these conditions, which "was a gross deviation from the accepted standard of care" and violated his Eighth Amendment rights.

As background, this case is not the first time that Brown has pursued legal action relating to these injuries. Indeed, in July 2021, Brown filed a nearly identical § 1983 complaint in the same district court alleging that prison staff failed to treat his fingers. Notably, however, Brown's 2021 complaint named the following defendants: (1) "Nurse Jane Doe," (2) "Nurse Ricewick," (3) "Nurse Beard," (4) "Nurse Athemdor," and (5) "Nurse J. Jackson." We will refer to this case as *Brown I*.

In April 2022, the court dismissed Brown's claim against Jane Doe without prejudice after he failed to identify her and serve her with process. Brown moved for reconsideration and asserted that he was unable to serve Jane Doe because the other defendants did not identify her in their initial disclosures, despite being directed to

do so by a magistrate judge in a previous scheduling order. The district judge denied the motion and explained that if Brown later learned Jane Doe's identity, he could move to add her back to the case, cautioned the defendants of the disclosure requirements, and advised Brown to file a motion to compel if the defendants failed to comply with their discovery obligations. The record does not show that Brown ever compelled the defendants to disclose Jane Doe's identity or moved to have her reinstated as a party.

The remaining defendants moved for summary judgment. Brown opposed the motion and filed responses, exhibits including his medical records, and a surreply, all addressing the defendants' responses to his medical needs.

The court granted summary judgment to the defendants in July 2023. It outlined that, in order to succeed on his deliberate-indifference claim, Brown had to show causation between the defendants' lack of action and his injury. The court recognized that Brown's "longest alleged period of delay" was between September 2020, when he claimed to first show Jane Doe his injuries, and December 2020, when he was referred for x-rays. It concluded that Brown was unable to show that these three months without treatment worsened his condition because he did not provide any evidence suggesting that his mallet-finger diagnosis was caused by a delay in care. It found that the closest Brown came to establishing a causal connection was a hearsay statement contained in his declaration, which was not enough to overcome summary judgment. The court further reasoned that "even assuming Brown's injury

24-11443              Opinion of the Court                    5

worsened over time, he c[ould not] distinguish damage caused by the initial three-month delay from damage caused by the three-year delay of orthopedic care resulting from his repeated refusals to see a specialist." Thus, the court found that the defendants were entitled to summary judgment because Brown did not "produce evidence to satisfy the causation element of his claims."

Brown thereafter filed two motions asking the court to reconsider its order granting summary judgment to the defendants and requesting relief under Federal Rules of Civil Procedure 59(e) and 60(b). The district court denied both motions.

Returning to the instant proceeding, because Brown filed a motion to proceed *in forma pauperis* along with his February 2024 complaint, the district court conducted a frivolity screening and *sua sponte* dismissed the case as barred by the doctrine of collateral estoppel. The court found that Brown had already fully litigated the instant case because he had "filed an almost identical complaint" in *Brown I*. It explained that the *Brown I* court "addressed the defendants' delay in treating [Brown's] broken fingers — including the alleged deliberate indifference exhibited by Defendant [Jane] Doe," and the only difference between *Brown I* and the instant case was that Jane Doe had now been identified as Zabala. Indeed, it recognized that Brown still referenced the *Brown I* defendants in describing the facts underlying the instant complaint, and even if it construed the complaint as only naming Zabala, Brown still impermissibly attempted to raise the exact claims that failed in *Brown I*.

As such, the court found Brown's complaint was barred by collateral estoppel because (1) *Brown I* had an identical complaint with identical claims; (2) Brown "had a full and fair opportunity" to litigate his claims in *Brown I*; and (3) the *Brown I* court entered summary judgment for the defendants "because [Brown] did not produce evidence to satisfy the causation element of his claims." It elaborated that Brown could "not get a second bite at the apple" because he now knew Jane Doe's identity and allowing him to relitigate these meritless claims "would be a misallocation of the [c]ourt's and the parties' resources." The court also noted that *Brown I* was currently on appeal but nonetheless had preclusive effect.[1] It elaborated that, if we remanded *Brown I*, Brown should then move to add Zabala in that case, as it was best "to avoid duplicative litigation."

After the court entered judgment, Brown moved to alter or amend the judgment under Rule 59(e) and argued that his claims against Zabala were never actually litigated. The district court denied Brown's motion. This appeal followed.

---

[1] We note that the appeal of *Brown I* remains pending with our Court. As the district court correctly found, this fact does not undermine that judgment's preclusive effect. *See Fidelity Standard Life Ins. Co. v. First Nat. Bank & Tr. Co. of Vidalia, Georgia*, 510 F.2d 272, 273 (5th Cir. 1975) ("A case pending appeal is res judicata and entitled to full faith and credit unless and until reversed on appeal.").

## II. STANDARD OF REVIEW

We review a district court's determination of collateral estoppel *de novo*, *Sellers v. Nationwide Mut. Fire. Ins. Co.*, 968 F.3d 1267, 1272 (11th Cir. 2020), but the "conclusion that an issue was actually litigated in a prior action" for clear error, *Richardson v. Miller*, 101 F.3d 665, 667–68 (11th Cir. 1996). Frivolity dismissals, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), are reviewed for abuse of discretion. *Bilal v. Driver*, 251 F.3d 1346, 1348–49 (11th Cir. 2001).

## III. DISCUSSION

An *in forma pauperis* complaint shall be dismissed *sua sponte* if the court determines that the action is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal*, 251 F.3d at 1349. A § 1983 action is subject to the doctrine of collateral estoppel, *Allen v. McCurry*, 449 U.S. 90, 97–98 (1980), which is an affirmative defense that can justify the dismissal of a claim as frivolous, *see Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990).

"Collateral estoppel refers to the concept of issue preclusion whereby a judgment forecloses relitigation of a matter that has been litigated and decided." *Hart v. Yamaha-Parts Distributors, Inc.*, 787 F.2d 1468, 1473 (11th Cir. 1986) (quotation marks and brackets omitted). "Defensive collateral estoppel is an attempt to prevent a plaintiff from relitigating an issue which the plaintiff has previously litigated unsuccessfully against another defendant." *Charles J. Arndt, Inc. v. City of Birmingham*, 748 F.2d 1486, 1494 n.9 (11th Cir. 1984).

The following conditions must be present for a federal court to apply collateral estoppel:

> (1) the issue at stake is identical to the one involved in the prior litigation; (2) the issue was actually litigated in the prior suit; (3) the determination of the issue in the prior litigation was a critical and necessary part of the judgment in that action; and (4) the party against whom the earlier decision is asserted had a full and fair opportunity to litigate the issue in the earlier proceeding.

*Miller's Ale House, Inc. v. Boynton Carolina Ale House, LLC*, 702 F.3d 1312, 1318 (11th Cir. 2012).

Here, the district court properly dismissed Brown's complaint as frivolous because his claims were barred by collateral estoppel. First, Brown's instant § 1983 complaint and *Brown I* both involved the same issue – the allegation that his trigger fingers and mallet fingers were caused by prison medical staff's delayed treatment. Second, this issue was actually litigated in *Brown I* because Brown raised the issue in his pleadings and the district court found that Brown's claims failed as a matter of law because he did not provide medical evidence to demonstrate that his diagnoses were caused by a delay in treatment. *See Christo v. Padgett*, 223 F.3d 1324, 1339 (11th Cir. 2000).

Third, determination of this issue was a critical and necessary part of the *Brown I* judgment. The district court expressly granted summary judgment to the defendants on the basis that Brown could not show the necessary causation needed to create a

genuine issue of material fact as to whether any delayed treatment worsened his condition. As to the fourth element, Brown had a full and fair opportunity to litigate the issue in *Brown I*. The *Brown I* record shows that he engaged in extensive briefing discussing the defendants' responses, or lack thereof, to his medical needs. Indeed, he made several filings challenging the defendants' motion for summary judgment, including responses, exhibits, and a surreply, all alleging that prison staff's delayed treatment caused his chronic finger injuries. Brown also filed two reconsideration motions challenging the *Brown I* court's entry of judgment in favor of the defendants, both of which were denied.

Brown's main argument on appeal rests on the contention that Zabala, a nonparty to *Brown I*, cannot employ collateral estoppel. He maintains that, because Jane Doe was dismissed as a party from *Brown I* without prejudice, his claims against Zabala could not have been fully litigated. Brown is correct that, in *Sellers*, we recognized that "there is a general rule against the application of issue preclusion to nonparties to [a] prior litigation" because a nonparty "generally has not had a full and fair opportunity to litigate the claims and issues settled in that suit." 968 F.3d at 1272 (quotation marks omitted) (discussing the preclusive effect accorded a state court decision). However, Brown neglects that "there are various exceptions to th[is] general rule," *id.*, and that the Supreme Court has eliminated the mutuality requirement "in applying collateral estoppel to bar relitigation of issues decided in earlier federal-court suits," *Allen*, 449 U.S. at 94–95. Therefore, "[c]ollateral estoppel, unlike *res judicata*, is not limited to parties and their privies," so "[a]

defendant who was not a party to the original action may invoke collateral estoppel against the plaintiff." *Hart,* 787 F.2d at 1473.

As such, although Zabala was not a party to *Brown I*, she could still defensively assert collateral estoppel in the instant case because the issue of whether Brown's mallet and trigger fingers were caused by delayed treatment was already fully resolved against him. *See id.*; *Charles J. Arndt, Inc.*, 748 F.2d at 1494 n.9. Brown's identification of Zabala as Jane Doe does not constitute a change in fact that renders collateral estoppel inapplicable, because Jane Doe's identity was ultimately immaterial to the *Brown I* judgment. *See Montana v. United States*, 440 U.S. 147, 159 (1979). Indeed, despite Jane Doe being dismissed as a party early in the litigation, the *Brown I* court recognized that Brown's alleged deficient medical care began in September 2020, when he first saw Zabala, and analyzed his claims under that timeline. Accordingly, we find that all four elements of collateral estoppel are met here, which bars Brown from relitigating his previously rejected deliberate-indifference claims against Zabala. *See Miller's Ale House, Inc.*, 702 F.3d at 1318.

We need not address whether the district court properly denied Brown's Rule 59(e) motion, as Brown abandoned any challenge with respect to this order by failing to raise it in his brief. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

## IV. CONCLUSION

For the reasons stated above, we **AFFIRM** the district court's dismissal of Brown's complaint.