### CHAMBERS v. UNITED STATES.

No. W–419.

United States District Court, D. Kansas.

Oct. 9, 1952.

602

R. E. Angle (of Sullivan & Angle), Wichita, Kan., for plaintiff.

V. J. Bowersock, Asst. U. S. Atty., Wichita, Kan., for defendant.

MELLOTT, Chief Judge.

The sufficiency of a complaint under the Federal Tort Claims Act [1] is challenged in a "Special Appearance and Motion to Dismiss" filed on behalf of the United States. The issues raised by the motion are whether the court has jurisdiction over the defendant or the subject matter of the action and whether the complaint states a claim against defendant upon which relief can be granted. It is also contended the alleged cause of action is not one in which the United States has waived its immunity from suit or consented to be sued and that the complaint fails to show any liability under the applicable statutes.

In essence the complaint charges that agents of the Alcohol Tax Unit of the Treasury Department of the United States seized, under a search warrant issued by a United States Commissioner against plaintiff's husband, certain alcoholic liquors belonging to her; that several cases of the liquor were illegally turned over to one who claimed them; and that an additional portion of the liquor was missing when a court order was entered directing that it be returned to her. The value of the described liquors is stated to be $1,194.95. It is alleged "that they were not taken under any valid order or judgment of the Federal Court;" that plaintiff has sustained a loss of $1,194.95; that her claim in that amount is just; and that the instant suit is properly brought under the Federal Tort Claims Act.

Under § 1346(b) this court has original jurisdiction, concurrent with the Court of Claims " * * * on claims * * * for money damages, accruing * * * for injury or loss of property * * * caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." Under § 2674 the United States is liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances" with exceptions not here material.

Counsel for the plaintiff, upon brief, cites and discusses Oman v. United States [2] decided by the Court of Appeals for this (the Tenth) Circuit in 1949. He urges that the acts alleged to have been committed by the agents here were tortious, as were those of the agents in the cited case. Therefore, he asserts, they were not within the exception discussed in that case—i. e., the claim is not "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government * * *."

■ Assuming for present purposes, although not deciding, that the alleged acts were non-discretionary, still plaintiff cannot

1. Title 28 U.S.C.A. §§ 1346(b), 2671–2680, as amended.

2. 179 F.2d 738, 740.

recover. Her claim arises out of "the detention of * * * goods or merchandise by * * * law-enforcement officer" and hence is within § 2680(c). If the premise adopted by counsel for plaintiff is sound—i. e., that the agents were guilty of "abuse of process"—then the claim is within the exceptions set out in § 2680(h) and may not be asserted against the United States. The subsections to which reference has been made are set out in the margin.[3]

The language used by Judge Phillips, speaking for the Court of Appeals in Bryan v. United States [4] is apposite. (Cases cited therein not shown).

"Immunity from suit is an attribute of sovereignty. The United States can only be sued by its own consent clearly given by legislative act. When Congress gives its consent to be sued it does not grant a right, but merely accords a privilege. Statutes granting the right to sue the United States are to be strictly construed. Congress may impose such conditions and restrictions on the right to sue the United States as it deems proper. A suit may not be maintained against the United States in any case not clearly within the terms of the statute by which it consents to be sued. The courts cannot go beyond the letter of such consent."

The court is of the opinion and now holds that the complaint fails to state a claim upon which relief can be granted; that the cause of action attempted to be pleaded is not one in which the United States has waived its immunity or consented to be sued; and that the complaint fails to show liability under the Federal Tort Claims Act. The clerk is therefore directed to enter an order of dismissal on his docket.

3. "§ 2680. *Exceptions* The provisions of this chapter and section 1346(b) of this title shall not apply to ——— * * *.
"(c) Any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods or merchandise by any officer of customs or excise or any other law-enforcement officer. * * *

"(h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights. * * *."

4. 10 Cir., 99 F.2d 549, 552.