Hirschler & Fleischer, Richmond, Va., for plaintiffs.

A. Carter Whitehead, U. S. Atty., Richmond, Va., for defendant.

## BROADWAY OPEN AIR THEATRE, Inc. et al.
### v.
### UNITED STATES.
Civ. No. 1702.

United States District Court,
E. D. Virginia.
June 4, 1953.

HUTCHESON, Chief Judge.

Since hearing argument of counsel on the defendant's motion to dismiss, I have concluded that the said motion should be granted and this action dismissed for lack of jurisdiction in this Court to entertain the suit.

While it would appear from Section 1346(b) of Title 28 U.S.C.A. that the plaintiffs may maintain this action, I am now convinced that under Section 2680(c) of Title 28 U.S.C.A. such cause of action as the plaintiffs have instituted is excepted from the provisions of Section 1346(b).

The authorities uniformly hold that when Congress consents to a suit against the United States it does not grant a right but merely accords a privilege and that such statutes must be strictly construed. Bryan v. United States, 10 Cir., 99 F.2d 549.

While it may be true that the plaintiffs' claim is not technically a suit to recover a tax, it is my belief that it is such a claim as is excepted by 2680(c) by the use of the words "any claim arising in respect of the assessment or collection of any tax".

See Nakasheff v. Continental Ins. Co., D.C., 89 F.Supp. 87; Chambers v. United States, D.C., 107 F.Supp. 601.

I am therefore of opinion that the cause of action asserted is not one in which the United States has waived its

immunity or consented to be sued and that this Court has no jurisdiction to hear the case and the complaint should be dismissed.

An order dismissing the complaint for lack of jurisdiction may be prepared by counsel for the United States and presented for entry after endorsement by counsel for the plaintiff.