125 F.Supp. 661 (1954)
UNITED STATES of America, Libelant,
v.
ONE 1951 CADILLAC COUPE DE VILLE, Motor No. 5162-03809, Respondent, and Lindburg Cadillac Company, Respondent-Intervenor.
No. 9763(2).
United States District Court, E. D. Missouri, E. D.
November 19, 1954.
Harry Richards, U. S. Atty., Robert E. Brauer, Asst. U. S. Atty., St. Louis, Mo., for libelant.
William R. MacGreevy, Owen T. Armstrong, St. Louis, Mo., for respondent-intervenor.
HULEN, District Judge.
The object of this libel proceeding on the part of the Government is forfeiture of a Cadillac automobile upon which interpleader, Lindburg Cadillac Company, holds a valid and subsisting lien. The prime question is whether an *662 automobile used in delivering and exchanging "top sheets" as a part of a gambling operation known as "policy," can be forfeited under Section 3116, Title 26, U.S.C.A. The Government's position is that Section 3116 should be interpreted as authorizing seizure and forfeiture in all cases involving "violation of the internal-revenue laws." Interpleader's position is that Section 3116 relates only to property used in violation of Chapter 26 of the Code which relates to "Liquor." We conclude Section 3116 does not authorize the seizure of the automobile and will not support its forfeiture under the facts of this case.
Suffice to relate that Nathan Harris, on and prior to November 3, 1953, had a reputation with officers of the St. Louis City Police force charged with enforcing the laws against gambling, as being engaged in a form of gambling known as "policy." A part of this racket required the delivery of sheets with numbers on them to individuals who were part of the process reaching from the drawing operation down to the betters. The reputation of Harris extended into St. Louis County. On the third day of November, 1953, deputy sheriffs witnessed Harris riding in a Cadillac automobile and saw him deliver an envelope and receive one in return. The envelope received by Harris was delivered by witness Stallion. He (as is usual in such cases) disclaimed any knowledge of what the envelope contained. When Harris left the scene of the exchange, doubtless observing the officers, he was seen to throw something from the car. In searching the premises one of the police officers found an envelope. It contained top sheets such as are used in the policy game. Harris was arrested in the automobile. Whether he has been prosecuted for engaging in gambling, the record does not reveal. Later the libelant took possession of the Cadillac automobile and this libel proceeding followed.
Intervenor filed an answer in three counts, the first count traversing the allegations of the libel and containing a counterclaim for damages for wrongful taking and withholding of the automobile. Count two asked for remission of the forfeiture under Section 3617, Title 18, U.S.C.A., and Count three seeks remission under the equity powers of the Court.
Section 3116 reads as follows:
"It shall be unlawful to have or possess any liquor or property intended for use in violating the provisions of this part, or the internal-revenue laws, or regulations prescribed under such part or laws, or which has been so used, and no property rights shall exist in any such liquor or property. A search warrant may issue as provided in title XI of the Act of June 15, 1917, 40 Stat. 228 (U.S.C., Title 18, §§ 611-633), for the seizure of such liquor or property. Nothing in this section shall in any manner limit or affect any criminal or forfeiture provision of the internal-revenue laws, or of any other law. The seizure and forfeiture of any liquor or property under the provisions of this part, and the disposition of such liquor or property subsequent to seizure and forfeiture, or the disposition of the proceeds from the sale of such liquor or property, shall be in accordance with existing laws or those hereafter in existence relating to seizures, forfeitures, and disposition of property or proceeds, for violation of the internal-revenue laws."
We have copied the statute in full. The contention of the parties as to the meaning of the statute is fully answered by its terms. For that reason we do not think it necessary to go to the legislative debates and committee reports on this statute to determine what it means. The language of the Act is clear.
The statute proscribes possession of either liquor or property "intended for use in violating the provisions of this part, or the internal-revenue laws, or regulations prescribed under such part or laws * * *." The only necessity to go outside of the four corners of the present *663 statute to ascertain its meaning and the legislative intent is to determine what laws were referred to in the use of the words "this part * * * prescribed under such part or laws".
The statute was not intended as a part of the general Internal Revenue laws and to apply to and be used for violation of any Internal Revenue law. We say this because in the forfeiture provision of the statute it reads  "Nothing in this section shall in any manner limit or affect any criminal or forfeiture provision of the internal-revenue laws, or of any other law." If this statute is to be used to seize and forfeit all property used in violating any Internal Revenue law, then Section 3116 would "limit or affect" the Internal Revenue laws, at least to the extent provided in the first sentence of 3116.
It is further provided with reference to seizure and forfeiture  "The seizure and forfeiture of any liquor or property under the provisions of this part * * * shall be in accordance with existing laws * * * for violation of the internal-revenue laws." These provisions of Section 3116 referring to the Internal Revenue laws manifest an intent on the part of the legislature to segregate Section 3116 for a particular object and purpose and not to encompass the Internal Revenue laws generally. Otherwise there would have been no occasion for providing in the statute that seized property would be disposed of according to Internal Revenue laws.
Such a construction gives to the law certainty and harmony. To extend its force to any violation of the Internal Revenue laws immediately raises questions of intent and purpose of the Congress that sends lawyers and judges to the historical sources of the Act.
Libelant and intervenor have made extensive use of the Congressional Records in endeavoring to sustain their interpretation of the statute. We have only one purpose in doing so  and as above set out. We will not go beyond the Act of August 27, 1935, when Section 3116 became law by its inclusion therein. The enacting clause reads as follows:
"To repeal Titles I and II of the National Prohibition Act, to reenact certain provisions of Title II thereof, to amend or repeal various liquor laws, and for other purposes." 49 Stat. 872.
The language "and for other purposes" refers to Titles II and III of the Act relating to searches and disposition of property under circumstances set forth in Title III.
We next refer to the title of the Act: "That this Act may be cited as the `Liquor Law Repeal and Enforcement Act'." Where the word "part" now appears in Section 3116, the word "Title" appeared in the original Act. The title of the Act is the answer to what was meant by use of the word "part" when the law was codified. Such revelation is destructive of the libelant's position.
After passage of the Act it was placed in Title 27, Section 157, under the heading "Intoxicating Liquor." It so remained in the statutes until 1940. Since then it has been in Title 26, Internal Revenue, in Chapter 26 on "Liquor," in the part devoted to industrial alcohol. That the arrangers saw fit to locate the Act in the part headed "Industrial Alcohol" cannot, of itself, change the meaning of the law. It certainly could not serve as a base to broaden its force to all cases arising under the Internal Revenue Code.
After reading of the original Act, and considering its purpose as evidenced by its terms, and the act of the last revisers in putting Section 3116 under its present title "Liquor," we are satisfied. We have no curiosity to embark into the jungle of legislative debate and matters given to Congress by Government bureaus to see if thereby we can get a different answer.
Intervenor's counterclaim for damages will be dismissed. Section 2680, Title 28, U.S.C.A., sub-section (c) provides the following exemption from the liability of the Government in tort:

*664 "Any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods or merchandise by any officer of customs or excise or any other law-enforcement officer."
We are as loath to extend the provisions of the Tort Claims Act as we are Section 3116.
Let judgment be settled and presented.