**UNITED STATES of America,**
**Plaintiff,**

**v.**

**ARTICLES OF FOOD . . . CLOVER CLUB POTATO CHIPS . . .,**
**Defendant,**

**Clover Club Food Company,**
**Claimant.**

**Civ. No. 1–73–85.**

United States District Court,
D. Idaho.

March 28, 1975.

420

Thomas A. Quinn, Ray, Quinney & Nebeker, Salt Lake City, Utah, Craig L. Meadows, Hawley, Troxell, Ennis & Hawley, Boise, Idaho, for defendant.

## MEMORANDUM ORDER RE PENDING MOTIONS

J. BLAINE ANDERSON, District Judge.

This is a forfeiture proceeding brought by the United States through the Food and Drug Administration pursuant to 21 U.S.C. § 334 and 28 U.S.C. § 1345, against approximately 406 cases of Clover Club Golden Potato Chips for alleged false and misleading labeling. Clover Club Foods Company has intervened as claimant of the potato chips and has filed an amended answer and amended counterclaim. The matter is now before the Court following argument and briefing of all pending motions.

### MOTION TO STRIKE

The United States has moved to strike from the amended answer, the Third, Fourth and Fifth Defenses, pursuant to Rule 12(f), F.R.Civ.P.

A motion to strike an allegedly legally insufficient, immaterial or impertinent defense is not a favored motion by the courts. *Carter-Wallace, Inc. v. Riverton Laboratories, Inc.,* 47 F.R.D. 366 (D.C.N.Y.1969); *Gateway Bottling, Inc. v. Dad's Rootbeer Co.,* 53 F.R.D. 585 (D.C.Pa.1971); 5 Wright and Miller, Federal Practice and Procedure: Civil §§ 1381, 1382 (1969). The motion will be denied if the defense has any relation to the subject matter of the controversy, could be held to in any manner defeat the plaintiff's claim, or if it fairly presents any question of fact or law. *Systems Corp. v. American Tel. & Tel. Co.,* 60 F.R.D. 692 (D.C.N.Y.1973); *Climatrol Industries, Inc. v. Home Indemn. Co.,* 316 F.Supp. 314 (D.C.Ga.1970); *Purex Corp., Ltd. v. General Foods Corp.,* 318 F.Supp. 322 (D.C.Cal.1970).

Sidney E. Smith, U. S. Atty., and Paul L. Westberg, Asst. U. S. Atty., D. Idaho, Boise, Idaho, for plaintiff.

The Third Defense attacks on constitutional grounds the validity of the FDA's determination that the potato chips are misbranded. Clover Club does not contend that the Federal Food, Drug and Cosmetic Act is facially unconstitutional, but that the FDA's determination that its product is misbranded within the meaning of the Act is violative of the Fifth Amendment as arbitrary and capricious and without a rational basis. The Third Defense is related to the government's claim, is not immaterial or impertinent and cannot at this stage be said to be legally insufficient as there is no authority, pro or con, on the narrow issue which the defense raises.

Claimant's Fourth Defense alleges that the United States is estopped to bring this action due to a binding agreement between Clover Club and the FDA following a seizure of some of Clover Club's potato chips in July of 1972 by the Montana State Department of Health pursuant to its own misbranding statutes. In substance, Clover Club contends that following the seizure in Montana, it reached an agreement with the FDA that it would change all of its future packaging but that it could use up the remaining objectionable packages which it had already printed. The government denies the existence of any agreement and contends that, in any event, the FDA official could not bind the government because he had no authority to make such an agreement.

Clover Club's Fifth Defense alleges that the seizure in 1972 by the Montana authorities was at the request of the FDA and, therefore, this action is barred by 21 U.S.C. § 334(a)(1) because the FDA has engaged in multiple seizures of its product.

As to the Fourth and Fifth Defenses, the government does not attack their legal sufficiency so much as it attacks their factual validity. Whether an agreement was made is a question of fact which at this point is open to dispute and, therefore, not appropriately resolved on a motion to strike. And if an agreement was made, whether it is one which could bind the United States depends upon the authority of the official, which also is a disputed question of fact at this point. The government contends that it has not engaged in multiple seizures while Clover Club asserts otherwise, thus raising substantial questions of both fact and law. The government has not demonstrated beyond mere conclusory argument that these defenses are insufficient as not being valid legal defenses to the forfeiture action, that there are no questions of law or fact, or that the defenses, if proven, would not defeat the forfeiture action.

## MOTION TO DISMISS COUNTERCLAIM

The United States has moved pursuant to Rule 12(b) F.R.C.P. to dismiss Clover Club's amended counterclaim against it on the grounds that the Court lacks subject matter jurisdiction and jurisdiction over the person. The counterclaim, which is asserted under the provisions of 28 U.S.C. § 1346(a)(2), The Tucker Act, sets forth the same allegations contained in Clover Club's Fourth Defense in its Amended Answer.

The government contends that the Court is without jurisdiction to consider the counterclaim because Tucker Act claims against the United States cannot be asserted by way of a counterclaim, only by an original proceeding in the manner contemplated by 28 U.S.C. § 1346 (a)(2). As authority it relies upon *United States v. Nipissing Mines Co.*, 206 F. 431 (2nd Cir. 1913); *Fett Roofing and Sheet Metal Co. v. Seaboard Surety Co.*, 294 F.Supp. 112 (E.D.Va.1968); *United States v. Frank*, 207 F.Supp. 216 (S.D.N.Y.1962), and *United States v. Double Bend Mfg. Co.*, 114 F.Supp. 750, (S.D.N.Y. 1953), and argues that under

28 U.S.C. § 1346(c) the United States may assert counterclaims in suits brought against it, but there is no reciprocal provision for counterclaims by private parties where the United States is plaintiff.

Clover Club asserts that it is the majority and more modern view that Tucker Act claims may be asserted as counterclaims against the United States where they arise out of the same transaction or occurrence which is the subject matter of the government's claim. *United States v. Springfield*, 276 F.2d 798 (5th Cir. 1960); *United States v. Martin*, 267 F.2d 764 (10th Cir. 1959); *Thompson v. United States*, 250 F.2d 43 (4th Cir. 1957); *United States v. Silverton*, 200 F.2d 824 (1st Cir. 1952); *United States v. Summ*, 282 F.Supp. 628 (D.C.N.J.1968); 6 Wright and Miller, Federal Practice and Procedure: Civil § 1427.[1]

 As a sovereign, the United States is immune from suit save as it consents, and the terms and conditions under which it consents to be sued define the limits of any court's jurisdiction. *United States v. Sherwood*, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); *Mitchell v. Riddell*, 402 F.2d 842 (9th Cir. 1968). It naturally follows that any consent must therefore be strictly construed, *United States v. Sherwood*, supra, conditions strictly observed and exceptions not implied. *Soriano v. United States*, 352 U.S. 270, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957); *Hamilton v. Nakai*, 453 F.2d 152 (9th Cir. 1971).

The Tucker Act does not expressly give the district courts jurisdiction over any counterclaim against the United States not exceeding $10,000 in amount. However, the courts which have allowed counterclaims to be asserted under the Tucker Act have reasoned that if the United States has come into court, it has waived any immunity from assertion of the counterclaim when both claims arise out of the same transaction or occurrence. See *United States v. Silverton*, supra; *United States v. Springfield*, supra; *Thompson v. United States*, supra; *United States v. Summ*, supra. This reasoning has a logical appeal, as such a counterclaim would be considered a compulsory counterclaim under Rule 13(a) F.R. C.P. and it would certainly be inexpeditious to require the defendant to assert his claim in an original action and then consolidate both claims under Rule 42 F.R.C.P. But however attractive such a result may be under those circumstances, Clover Club's counterclaim does not arise in the same manner.

In this action the United States has not come into court on a cause of action based upon the law of contracts or any other claim which is contemplated by 28 U.S.C. § 1346(a)(2) as one which could otherwise be asserted against the United States in an original proceeding under that section. This is a very limited statutory procedure provided by the Food, Drug and Cosmetic Act, 21 U.S.C. § 334, for the limited purpose of removing from commerce an article of food carrying an allegedly false and misleading label. It is an in rem proceeding to condemn the articles and Clover Club appears not as a defendant but as the claimant of the goods.[2]

---

1. The Ninth Circuit has not considered the question. See *United States v. 40.60 Acres of Land, Etc., Calif.*, 483 F.2d 927, 928 n. 1 (9th Cir. 1973)

2. The procedure corresponds closely to that of a libel in rem in admiralty law and 21 U. S.C. § 334(b) provides that "the procedure in cases under this section shall conform, as nearly as may be, to the procedure in admiralty." Counterclaims or cross-libels are allowed against the United States where it has instituted a libel, but the reasoning is the same as in those cases cited supra, for allowing counterclaims under The Tucker Act. The subject matter of the libel is the event which caused the damage to a vessel or cargo and in order to completely resolve the

The subject matter upon which the government bases its complaint for forfeiture is very narrow. It relies upon the Food, Drug and Cosmetic Act and the administrative determination that the articles of food carry false and misleading labels within the meaning of the Act, not upon any alleged express or implied contract or agreement upon which Clover Club relies for its counterclaim. The counterclaim does not arise out of any transaction or occurrence which is the basis for the government's action. It therefore cannot be said that the government has waived its immunity from defending against Clover Club's claim in any manner other than as is contemplated by the terms and conditions of its consent under 28 U.S.C. § 1346(a)(2), in an original proceeding.

## MOTION TO AMEND ANSWER AND COUNTERCLAIM

Clover Club has moved pursuant to Rule 15(a) F.R.C.P. to amend its answer for a second time to add a sixth defense and to amend its counterclaim again for a second time to add a second cause of action. The proposed sixth defense alleges that to the extent any statute or regulation relating to the labeling of defendant's product could be interpreted to prohibit any language printed on their packaging, such statute or regulation violates Clover Club's First Amendment rights to freedom of speech. The proposed second cause of action in its counterclaim is brought under the provisions of the Federal Tort Claims Act, 28 U.S.C. § 2674 et seq. and alleges that the FDA has engaged in multiple seizures of its product prohibited by 21 U.S.C. § 334(a)(1) and therefore the seizure of its products by this action amounted to a wrongful conversion.

While leave to amend one's pleading is, even after a substantial period of delay, ordinarily freely granted where prejudice to another party is not shown, the Court is not required to engage in futile gestures by allowing amendments which are without legal basis or which would assert claims over which the Court does not have jurisdiction. See *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Howey v. United States,* 481 F.2d 1187 (9th Cir. 1973).

Clover Club's proposed sixth defense has no merit as a matter of law. Freedom of Speech does not include the freedom to violate the labeling provisions of the Federal Food, Drug and Cosmetic Act. *United States v. Articles of Drug,* 32 F.R.D. 32 (S.D.Ill.1963); Cf. *Church of Scientology of California v. Richardson,* 437 F.2d 214 (9th Cir. 1971).

Clover Club argues that its proposed second cause of action in its counterclaim does not come within the exception of 28 U.S.C. § 2680(c) that the Federal Tort Claims Act and 28 U.S.C. 1346(b) shall not apply to "[a]ny claim arising in respect of . . . the detention of any goods or merchandise by any . . . . law enforcement officer." The Court fails to see the distinction between the gravamen of Clover Club's proposed second cause of action in its counterclaim and the exception.

Although Clover Club states that it is not seeking damages for the detention of their product, it prays for loss of potato chips, a loss which could only be occasioned by the detention of them, not from their seizure alone. More important, the basis for the claim is that the FDA has engaged in multiple seizures of Clover Club's product, making the instant seizure illegal. Contrary to Clover Club's argument, 28 U.S.C. § 2680 (c) "is normally used to bar actions based upon the illegal seizure of goods. See e. g., Jones v. Federal Bureau of In-

controversy, the court must determine the fault of all parties. It is therefore necessary that the court hear and determine all claims which arise out of the occurrence. See *United States v. The Thekla,* 266 U.S. 328, 45 S.Ct. 112, 69 L.Ed. 313 (1924).

vestigation, D.C., 139 F.Supp. 38, 39; United States v. One 1951 Cadillac Coupe DeVille, D.C., 125 F.Supp. 661." *Alliance Assurance Company v. United States*, 252 F.2d 529, 534 (2nd Cir. 1958). "[T]here is nothing in the language of the statute to indicate that erroneous seizure in the inception should be distinguished from improper retention or negligent handling of goods properly seized at the outset. Rather, the statute specifically bars 'any claim' arising out of the detention of goods." *S. Schonfeld Company, Inc. v. SS Akra Tenaron*, 363 F.Supp. 1220, 1223 (D.C.S.C.1973). See also, *United States v. 1500 Cases, More or Less, Etc.*, 249 F.2d 382, 384 (7th Cir. 1957).

In view of the holding that Clover Club's proposed second cause of action in its counterclaim is barred by 28 U.S.C. § 2680(c), the Court expresses no opinion as to whether a counterclaim under the Federal Tort Claims Act may be asserted in an in rem proceeding such as the case at bar, or whether administrative remedies must be exhausted prior to its assertion.

It is noted that Clover Club has stipulated and agreed to waive its demand for a jury trial.

It is therefore ordered as follows:

1. The motion of the United States to strike from the amended answer the Third, Fourth and Fifth Defenses is denied.

2. The motion of the United States to dismiss claimant's amended counterclaim is granted and the same hereby is dismissed without prejudice.

3. The motion by Clover Club Foods Company for leave to amend its amended answer to add a sixth defense and to amend its amended counterclaim to add a second cause of action is denied.

4. Pursuant to the stipulation above noted, claimant's demand for a jury trial is denied.