**A–MARK, INC., Plaintiff-Appellant,**

v.

**UNITED STATES SECRET SERVICE DEPARTMENT OF the TREASURY, Defendant-Appellee.**

No. 77–2152.

United States Court of Appeals, Ninth Circuit.

Nov. 13, 1978.

Theodore B. Olson (argued), of Gibson, Dunn & Crutcher, Los Angeles, Cal., for plaintiff-appellant.

Roger E. West, Asst. U. S. Atty. (argued), Los Angeles, Cal., for defendant-appellee.

Before MERRILL, GOODWIN and TANG, Circuit Judges.

PER CURIAM:

This appeal has been taken from an order dismissing the action for lack of subject-matter jurisdiction.

Appellant seeks recovery from the United States under the Tort Claims Act for negligent damage to a rare silver dollar entrusted by appellant to Treasury officials in May, 1971, for authentication as to its genuineness. Appellant alleged that the coin, when given to the government officers was numismatically rated as "brilliant, uncirculated and semi-prooflike"; that while in the possession of the government it was severely damaged, resulting in a loss of value in the sum of $29,000.

In August, 1971, a technical consultant to the Director of the Mint examined the coin

and gave his opinion that the coin was genuine but that the "S" mint mark was counterfeit. Because of this finding the coin was detained by the United States Secret Service pending investigation into possible fraudulent alteration, mutilation or falsification in violation of 18 U.S.C. § 311. Upon completion of the investigation, the coin was returned to appellant. This action was brought April 14, 1974.

28 U.S.C. § 2680(c) provides that the Tort Claims Act shall not apply to "Any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods or merchandise by any officer of customs or excise or any other law-enforcement officer."

The district court concluded that because the alleged damage to the coin occurred after the Secret Service had opened its investigation and during the period of detention of the coin, it has arisen "in respect of" its detention and the exception of § 2680(c) applied. Accordingly the action was dismissed. This appeal followed.

Appellant contends that the exception reaches only those claims asserting injury as a result of the fact of detention itself where the propriety of the detention is at issue, and does not reach claims where the injury is asserted to result from negligent handling of property in the course of detention. We agree. Such was the holding in *Alliance Assurance Company v. United States*, 252 F.2d 529 (2d Cir. 1958). There imported goods were taken into possession by Customs officials for purposes of appraisal. They mysteriously disappeared and the plaintiff sued for their value. The court rejected the government's contention that the claim was barred by § 2680(c), stating:

"The probable purpose of the exception was to prohibit actions for conversion arising from a denial by the customs authorities or other law enforcement agencies of another's immediate right of do-

minion or control over goods in the possession of the authorities. An examination of the cases in which the exception was asserted reveals that it is normally used to bar actions based upon the illegal seizure of goods. See, e. g., *Jones v. Federal Bureau of Investigation*, D.C., 139 F.Supp. 38, 39; *United States v. One 1951 Cadillac Coupe De Ville*, D.C., 125 F.Supp. 661. That the exception does not and was not intended to bar actions based on the negligent destruction, injury or loss of goods in the possession or control of the customs authorities is best illustrated by the fact that the exception immediately preceding it expressly bars actions 'arising out of the loss, miscarriage, or negligent transmission' of mail. 28 U.S.C.A. § 2680(b). If Congress had similarly wished to bar actions based on the negligent loss of goods which governmental agencies other than the postal system undertook to handle, the exception in 28 U.S.C.A. § 2680(b) shows that it would have been equal to the task. The conclusion is inescapable that it did not choose to bestow upon all such agencies general absolution from carelessness in handling property belonging to others."

252 F.2d at 534. We agree.[1]

Reversed and remanded for further proceedings.

TANG, Circuit Judge, concurring:

I concur in the result. The majority, following the reasoning of *Alliance Assurance Co. v. United States*, 252 F.2d 529 (2nd Cir. 1958), holds that 28 U.S.C. § 2680(c) excludes only damages arising from the fact of detention itself, not damages due to negligent handling during detention. In my view, a better rationale is to read § 2680(c) as covering only those detentions which occur within the context of customs and tax activities. The governmental function of assessing and collecting customs duties necessarily requires some period of detention when the imported item is in-

---

1. We note that two court of appeals cases holding the section to provide an exemption are distinguishable. *Morris v. United States*, 521 F.2d 872 (9th Cir. 1972), was based not on the detention clause but on the clause relating to assessment and collection of taxes. *United States v. 1500 Cases, More or Less, etc.*, 249 F.2d 382 (7th Cir. 1957), was addressed only to the question whether the detention was wrongful.

spected for purposes of evaluation. A similar situation often arises when property must be levied against for tax purposes. It follows that where the ultimate act of assessing the tax or duty is rendered exempt, the incidental activity of detention must also be protected. § 2680(c) contains parallel clauses which cover "the assessment or collection of *any tax or customs duty,* or the detention of any goods or merchandise by *any officer of customs or excise* or any other law-enforcement officer." (emphasis added). The clauses both dwell exclusively on customs and taxes, except for the final reference to other law-enforcement officers. The "any other law-enforcement officer" phrase should be viewed as Congress' recognition of the fact that federal officers, other than customs and excise officers, sometimes become involved in the activity of detaining goods for tax or customs purposes.

This reading is supported by what little legislative history there is on § 2680(c). The Senate Report to the Legislative Reorganization Act of 1946 had only the following to say about the tort claim exceptions:

This section specifies types of claim which would not be covered by the title. They include . . . claims which relate to certain governmental activities which should be free from the threat of damage suit, or for which adequate remedies are already available. These exemptions cover claims arising out of the loss or miscarriage of postal matter; the assessment or collection of taxes or assessments; the detention of goods by customs officers . . .

S.Rep. No. 1400, 79th Cong., 2d Sess. 33 (1946). *See also Hearings Before House Committee on the Juridicary on H.R. 5373 and H.R. 6463,* 77th Cong.2d Sess. 44 (1942); Gottlieb, *The Federal Torts Claims Act—A Statutory Interpretation,* 35 Geo.L.Rev. 1, 45 (1946).

It is noteworthy that the report speaks of the detention of goods only by customs officers. If Congress had intended the exception to extend to detentions by "any law-enforcement officer" outside the area of tax or customs, one would expect a more encompassing explanation.

It is true that the few cases on point have applied § 2680(c) to law-enforcement officials other than customs and tax officials. *See, e. g., United States v. 1500 Cases, More or Less, etc.,* 249 F.2d 382 (7th Cir. 1957) (FDA); *United States v. Articles of Food, etc.,* 67 F.R.D. 419 (D.Idaho 1975) (same); *Van Buskirk v. United States,* 206 F.Supp. 553 (E.D.Tenn.1962) (FBI); *Jones v. Federal Bureau of Investigation,* 139 F.Supp. 38 (D.Md.1956). All of these cases, however, relied on language in *Chambers v. United States,* 107 F.Supp. 601 (D.Kan.1952), which was clearly dictum. None of them discuss the legislative history of the statute and only one addresses the issue, and that in dictum. *Van Buskirk v. United States, supra,* 206 F.Supp. at 556. It is submitted that they are wrongly decided and that § 2680(c) should be limited to detentions of goods by law-enforcement officers acting in a customs or tax capacity.

Under such an analysis, the detention of the coin here was not for a customs or tax purpose and § 2680(c) exception would be inapplicable.