**4**

Robert O. ORDAHL, Plaintiff,

v.

UNITED STATES of America,
Defendant.

No. CV–84–027–GF.

United States District Court,
D. Montana,
Great Falls Division.

April 23, 1985.

Randall O. Skorheim, Great Falls, Mont.,
for plaintiff.

Paul F. Figley, Robert C. Longstreth,
Trial Atty., Torts Branch, Civil Div., U.S.
Dept. of Justice, Washington, D.C., for defendant.

MEMORANDUM AND ORDER

HATFIELD, District Judge.

This case is presently before the court on
defendant's motion that the court reconsider its decision that plaintiff's claim is not
barred by the rule of *Feres v. United
States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed.
152 (1950). The defendant argues, as it did
in its previous motion to dismiss, that the
injury alleged in this case is, in fact, incident to service and therefore must be
barred. Defendant offers the additional

argument that in the event the court finds again that plaintiff's suit is not barred by *Feres,* that it is barred by 28 U.S.C. § 2680(h) in that it "arises out of" an assault and battery. *See, Jablonski by Pahls v. United States,* 712 F.2d 391 (9th Cir. 1983). Alternatively, defendant urges that in the event its motion to dismiss is again denied, that the issues raised should be certified by this court for an interlocutory appeal to the Ninth Circuit Court of Appeals. 28 U.S.C. § 1292(b).[1]

Plaintiff, in response, has filed a motion to strike defendant's motion for reconsideration. Rules 12(f) and 12(g), Federal Rules of Civil Procedure ("F.R.Civ.P."). Plaintiff argues that defendant should have consolidated all of its defenses in its original motion. *Id.*

## A. MOTION FOR RECONSIDERATION OF THE FERES ISSUE.

Although the Federal Rules of Civil Procedure do not provide specifically for reconsideration of a motion once it is ruled upon, the *Feres* issue has been reconsidered in light of the recent Ninth Circuit opinion, *Roush v. United States,* 752 F.2d 1460, (February 6, 1985). It should be noted, at the outset, that the court in *Roush* affirmed its earlier interpretation of *Johnson v. United States,* 704 F.2d 1431 (9th Cir.1983), upon which this court relied in denying defendant's original motion to dismiss. *Roush* was distinguished from *Johnson* by the court in that Roush was present at the time of his injury solely by virtue of his membership in the Marine Corps; Johnson's status, on the other hand, was no different at the time of his injury from that of a civilian. The court concluded in *Roush* that before a determination of lack of subject matter jurisdiction may be made, a "complaint must allege, or a trial must develop the fact that he '[w]as ... subject to ... [direct control] ... at the time the negligent act occurred.'"

Defendant makes new allegations in its motion for reconsideration to the effect that Airman Harvey and the plaintiff were subject to direct military control at the time of the injury. It is averred that Harvey pled guilty to a charge of violating Article 128 of the Uniform Code of Military Justice ("UCMJ"), assault with a dangerous weapon, for the incident. Indeed, both Harvey and the plaintiff Ordahl were subject to direct military control via the UCMJ. *See,* 10 U.S.C. § 802(a)(1). Defendant also cites Air Force Regulation ("AFR") 90–2 which governs conduct of service members who reside in dormitories on base. The above regulation subjects violators to court-martial and other discipline under the UCMJ, and specifically prohibits possession of certain dangerous weapons in the dormitory.

In *Roush,* the Ninth Circuit reversed and remanded the case to the trial court for a determination of the existence of federal statutes or regulations which provided that the plaintiff and alleged assailant were within direct military control at the time of the injury. *Roush* 752 F.2d at 1465. The court there held that if such laws were found to exist, the trial court could properly grant the government's motion to dismiss for want of subject matter jurisdiction. *Id.* In the instant case, the plaintiff Ordahl was a resident of the airmen dormitories and therefore subject to not only the UCMJ, but also AFR 90–2. In light of the recent ruling in *Roush,* and in view of the evidence presented by defendant in light of that ruling, this court must conclude that both the plaintiff Ordahl and the alleged assailant Harvey were subject to military discipline at the time of the alleged injury. Therefore, the *Feres* doctrine applies to this case in that defendant has provided proof of the military command relationship; this court, therefore, has no subject matter jurisdiction.

---

**1.** 28 U.S.C. § 1292(b) provides:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

**6**

### B. ASSAULT AND BATTERY EXCEPTION.

■ Defendant asserts that in the event that this court finds *Feres* to be inapplicable, that plaintiff's claim is barred under the assault and battery exception to the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 2680(h). The assault and battery exception provides that the FTCA is not applicable to a "claim arising out of assault and battery." *Id.* The rationale in this assertion is that Airman Harvey committed an assault upon plaintiff; without Harvey's tort, no claim would exist. Defendant argues that plaintiff has attempted to circumvent the language of § 2680(h) by grounding his complaint in the negligence of Harvey's superiors.

Under the above described assault and battery exception, plaintiff's recovery could be barred if the alleged negligence merely constitutes a remote cause of injury or if plaintiff attempted to create a negligence issue by artfully pleading. *Shearer v. United States*, 723 F.2d 1102 (3rd Cir. 1984). In order for a plaintiff to avoid dismissal under this section, he must allege facts which, if proven, would demonstrate that the government should have reasonably foreseen commission of an intentional tort by one of its employees. *Id.* at 1107.

Defendant cites the case of *Naisbitt v. United States*, 611 F.2d 1350 (10th Cir.), *cert. den.*, 449 U.S. 885, 101 S.Ct. 240, 66 L.Ed.2d 111 (1980), to support the proposition that in spite of an allegation of a failure of the United States to supervise two off-duty service members, that the suit actually arose from an assault and battery and was therefore barred. However, in the *Naisbitt* case, plaintiff's complaint failed to assert any facts suggesting that the United States should have foreseen the alleged act.

This court finds that the facts in this case are similar in important respects to those in *Shearer, supra.* In *Shearer,* the government knew of the assailant's propensity for violence and his previous conviction for murder. Here, it is alleged that Harvey's supervisor knew of the presence of the prohibited blowgun. In *Shearer,* the assailant was allowed to remain in the Army despite several recommendations to discharge him and despite the above-mentioned knowledge. Here, the blowgun was permitted to remain in the barracks by Harvey's supervisor despite his knowledge, and despite AFR 90-2. In view of the above, it must be concluded that the intentional tort exception does not apply.

### C. PLAINTIFF'S MOTION TO STRIKE.

■ A motion to strike is governed by Rule 12(f) F.R.Civ.P., which provides for striking a pleading which is insufficient, redundant, immaterial, impertinent or scandalous. Motions to strike are generally not favored. *Sun Insurance Company v. Diversified Engineers, Inc.*, 240 F.Supp. 606 (D.C.Mont.1965); *United States v. Articles of Food*, 67 F.R.D. 419 (D.C.Idaho 1975). In view of the fact that defendant's motion for reconsideration is not a pleading, it would be inappropriate for this court to grant its motion to strike. *See, Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880 (9th Cir.1983).

### D. PROPRIETY OF DEFENDANT'S MOTION FOR RECONSIDERATION.

■ Defendant's motion for reconsideration is based on the issue of subject matter jurisdiction. *See, Jablonski, supra; Feres, supra* and *Johnson, supra.* There is no question that subject matter jurisdiction is not waivable. *Securities and Exchange Commission v. Blazon Corp.*, 609 F.2d 960 (9th Cir.1979). Accordingly, it is proper for defendant to raise the issue of subject matter jurisdiction on the bases of *Feres*, the intentional tort exception, or any other basis. Rule 12(h), F.R.Civ.P., provides exceptions to the Rule 12(g) prohibition of successive motions, *i.e.*, non-waivable defenses made by pleading or motion.

### E. CONCLUSION AND ORDER.

For the reasons set forth above, IT IS HEREBY ORDERED:

That the defendant's motion for reconsideration be, and the same hereby is, GRANTED, in light of the holding in *Roush v. United States, supra;*

That the defendant's motion for dismissal be, and the same hereby is, GRANTED, in light of the government's new evidence and argument which were presented in accordance with the *Roush* criteria;

That plaintiff's motion to strike defendant's motion for reconsideration be, and the same hereby is, DENIED.