## FORMULA ONE MOTORS, LTD.,
Plaintiff-Appellant,

v.

## UNITED STATES of America,
Defendant-Appellee.

No. 21, Docket 85–6086.

United States Court of Appeals,
Second Circuit.

Argued Sept. 19, 1985.

Decided Nov. 21, 1985.

Victor M. Metsch, New York City (Stephen H. Reese, Hartman & Craven, New York City, on brief), for plaintiff-appellant.

Amy Rothstein, Asst. U.S. Atty., New York City (Rudolph W. Giuliani, U.S. Atty., Steven E. Obus, Asst. U.S. Atty., New York City, on brief), for defendant-appellee.

Before LUMBARD, OAKES and NEWMAN, Circuit Judges.

JON O. NEWMAN, Circuit Judge.

Formula One Motors, Ltd. ("Formula One") appeals from a judgment of the District Court for the Southern District of New York (John E. Sprizzo, Judge) dismissing for lack of subject matter jurisdiction its complaint seeking damages under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), 2671–2680 (1982). Formula One alleged that agents of the Drug Enforcement Administration ("DEA"), in the course of executing a warrant to seize and search an automobile that Formula One was importing into the country, had destroyed the automobile. The District Court ruled that the claim fell within the exception to the FTCA for claims "arising in respect of ... the detention of any goods or merchandise by any officer of customs or excise or any other law-enforcement officer." *Id.* § 2680(c). We affirm.

Formula One purchased a 1971 Mercedes Benz convertible in Italy in October 1983

and arranged for shipment of the automobile to the United States. In January 1984, DEA agents, armed with a search warrant, seized the automobile from a shipping container at Crestwood Trucking, Inc. in Keney, New Jersey, and, while searching for narcotics, allegedly disassembled the car so completely and damaged so many parts as to render the vehicle effectively destroyed. After the DEA rejected appellant's claim for damages to the automobile, appellant filed a claim in the district court under the FTCA, seeking compensation for the $28,000 it paid for the automobile, $3,819.66 in shipping charges and customs duties, and $66,250, the alleged approximate resale value of the automobile. On cross-motions for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c), the district court granted the Government's motion and dismissed the complaint for lack of subject matter jurisdiction.

## Discussion

The FTCA gives district courts exclusive jurisdiction of civil actions seeking money damages from the United States "for injury or loss of property ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b). The FTCA also provides, however, a list of exceptions in which section 1346(b) does not apply; if a situation falls within one of the statutory exceptions, the district courts lack subject matter jurisdiction over the claim. *See Birnbaum v. United States*, 588 F.2d 319, 322 (2d Cir.1978).

Among the exceptions in the FTCA is section 2680(c), which exempts the United States from liability for

[a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods or merchandise by any officer of customs or excise or any other law-enforcement officer.

The Government contends that the claim for damage to appellant's automobile is a claim "arising in respect of ... the detention of any goods ... by ... any other law-enforcement officer." In the Government's view, section 2680(c) applies to damage incurred in the course of any search and seizure undertaken by any law enforcement officer. The terms of the statute, construed in light of the doctrine of *ejusdem generis*, might suggest a more narrow reading. First, it can be argued that the "detention" to which section 2680(c) applies is not every physical seizure preliminary to a search but only a possession effected in the course of assessing or collecting any tax or customs duty. Second, it might also be thought that the specification of "any officer of customs or excise" followed by "any other law-enforcement officer" implies that other law enforcement officers are covered only when their actions are in aid of customs or excise functions of the Government. Nevertheless, several circuits have ruled, with scant discussion, that section 2680(c) applies to detentions beyond the context of customs duties and taxes, *e.g., United States v. 2,116 Boxes of Boned Beef*, 726 F.2d 1481, 1490–91 (10th Cir.) (Department of Agriculture), *cert. denied sub nom. Jarboe-Lackey Feedlots, Inc. v. United States*, —— U.S. ——, 105 S.Ct. 105, 83 L.Ed.2d 49 (1984); *United States v. Lockheed L–188 Aircraft*, 656 F.2d 390, 397 (9th Cir.1979) (Federal Aviation Administration); *United States v. 1500 Cases, More or Less*, 249 F.2d 382, 384 (7th Cir. 1957) (Food and Drug Administration), though the contrary view has been expressed, *see A-Mark, Inc. v. United States Secret Service*, 593 F.2d 849, 850 (9th Cir. 1978) (Tang, J., concurring). The Supreme Court has noted the ambiguity as to the reach of the phrase "any other law-enforcement officer," but has not determined whether the section 2680(c) exemption is limited to the customs or excise context. *See Kosak v. United States*, 465 U.S. 848, 852 n. 6, 104 S.Ct. 1519, 1522–23 n. 6, 79 L.Ed.2d 860 (1984).

In the instant case we are satisfied that the detention of the automobile and its search by DEA agents fell within the scope of section 2680(c), without determining whether the exemption would apply to

searches by law enforcement officers with no relationship to the customs or excise functions. The DEA agents seized and searched an automobile that had been shipped from abroad and was still in its shipping container. The agents were searching for smuggled narcotics, though, as it happened, no drugs were found. The seizure of an automobile still in transit from overseas and a search of that automobile for narcotics are sufficiently akin to the functions carried out by Customs officials to place the agents' conduct within the scope of section 2680(c).

Appellant does not dispute this view of the statute's coverage, but nonetheless contends it is inapplicable because the results of the agents' conduct exceeded the normal consequences of a "detention" and constituted a "destruction" of the car. The purported distinction is unavailing. In *Kosak v. United States, supra,* the Supreme Court declined to limit section 2680(c) to claims based on the fact of detention, such as diminution in market value, and construed it to cover any claim "arising out of" a detention, including a claim stemming from negligent storage or handling of the detained property. 104 S.Ct. at 1524. Nothing in *Kosak* suggests that the Supreme Court, reading the exemption broadly in a case involving damaged antiques, intended to precipitate a distinction between goods damaged and goods destroyed. Indeed, the contention advanced and rejected in *Kosak* was that section 2680(c) should not apply to " 'the negligent ... *destruction* of property while it is in the possession of the customs service.' " *Id.* at 1523 (emphasis added).

Appellant is mistaken in contending that footnote 3 of the *Kosak* opinion evidences the Court's refusal to decide the "destruction" issue. In that footnote, the Court declined to consider a claim of destruction of property other than the detained property. A valuable item had been destroyed by Customs agents in the course of searching Kosak's home. The claim concerning destruction of this property was left unresolved, not for any doubt as to whether a "destruction" of detained goods was covered by section 2680(c), but because the claim had not been presented to the Court of Appeals. *See* 104 S.Ct. at 1522 n. 3.

■ At argument, appellant urged that the agents' conduct should render the United States liable because they dismantled the car and damaged its parts to an extent far beyond what was reasonably required to determine whether the vehicle contained narcotics. Appellant suggests that the agents were motivated by malice. Though some might think that a sufficiently minute examination of the car could have been made without leaving it unusable,[1] we see no basis for reading into section 2680(c) a limitation concerning the reasonableness of the agents' conduct in searching the detained property. The exemption serves to insulate the United States from litigation over precisely such issues. Whether the United States ought to be liable for an excessively damaging means of carrying out a search of detained property is a matter for consideration by Congress. *Cf.* Pub.L. No. 93–253, § 2, 88 Stat. 50 (1974) (amending 18 U.S.C. § 2680(h) to render United States liable for law enforcement officers' misconduct with respect to persons). Moreover, we decide only that the officers' alleged conduct does not subject the United States to liability; we have no occasion to consider the liability of the officers. *Cf. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

The judgment of the District Court is affirmed.

---

1. The movie, "The French Connection," showed law enforcement officers disassembling an expensive automobile in a thorough search for narcotics and reassembling it without any apparent trace of damage. Of course, the film may have understated the thoroughness of an agent's search, or overstated *his* reconstruction *skills,* or failed to reckon with new smuggling techniques that secrete drugs from discovery except upon a complete and damaging dismantling of an automobile.

OAKES, Circuit Judge (concurring).

In light of *Kosak v. United States,* 465 U.S. 848, 104 S.Ct. 1519, 79 L.Ed.2d 860 (1984), I am required to concur, although Justice Stevens's dissenting opinion on the statutory meaning of the phrase "arising in respect of ... the detention of goods" seems to me persuasive. Once damage (or its logical extreme, destruction) sustained during detention is subsumed in the "detention" exception, the only question remaining is whether a relationship to customs or excise functions is required. I think the plain language of the statute as well as its legislative history strongly support the view taken by Judge Tang, concurring in *A–Mark, Inc. v. United States Secret Service,* 593 F.2d 849, 850–51 (9th Cir.1978), that "[t]he 'any other law-enforcement officer' phrase should be viewed as Congress' recognition of the fact that federal officers, other than customs and excise officers, sometimes become involved in the activity of detaining goods for tax or customs purposes." *Id.* at 851. Thus, like Judge Tang, I believe those cases applying the exception to law enforcement officers acting out of the excise/customs context, *e.g., United States v. Lockheed L–188 Aircraft,* 656 F.2d 390, 397 (9th Cir.1979), to be wrongly decided. The House Judiciary Committee described the proposed exception as covering "the assessment or collection of taxes or assessments; [and] the detention of goods by customs officers ...." H.R.Rep. No. 1287, 79th Cong., 1st Sess. 6 (1945), quoted in *Kosak,* 104 S.Ct. at 1525; *see also* S.Rep. No. 1400, 79th Cong., 2d Sess. 33 (1946); H.R.Rep. No. 2245, 77th Cong., 2d Sess. 10 (1942) (same); Tort Claims Against the United States: Hearings on S. 2690 Before a Subcomm. of the Senate Comm. on the Judiciary, 76th Cong., 3d Sess. 38 (1940) (testimony of Alexander Holtzoff, Special Assistant to the Attorney General):

> The ... exception relates to claims arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods or merchandise by any officer of customs or excise or any other law enforcement officer.

There are various tax laws providing the machinery for recovering back any tax that has been paid but was not properly owing. There was no purpose in interfering with that machinery.

Nevertheless, I am required to concur with Judge Newman's view that DEA agents acting in a border or customs search seeking to uncover contraband are the "other" law enforcement officers Congress envisaged. However, where no nexus exists between customs activity and the act complained of, I would hold that § 2680(c) does not bar recovery. Otherwise, the detention exception, as expansively read in *Kosak,* precludes a broader spectrum of suits to redress injury to property inflicted by federal law enforcement officers, whenever and wherever they are acting, than I believe Congress ever intended.