924 F.2d 193
 Thomas W. SCHLAEBITZ, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF JUSTICE, United States Marshall
Service, Five (5) Unknown United States Marshall Agents,
United States Marshall Dave Little, United States Parole
Commission, Defendants-Appellees.
 No. 89-6113.
 United States Court of Appeals,
Eleventh Circuit.
 Feb. 19, 1991.
 
 Dexter W. Lehtinen, U.S. Atty., Miami, Fla., Barbara K. Bisno, Carole E. Herman, Linda Collins Hertz, Asst. U.S. Attys., for defendants-appellees.
 Appeal from the United States District Court for the Southern District of Florida.
 Before KRAVITCH and ANDERSON, Circuit Judges, and LYNNE*, Senior District Judge.
 PER CURIAM:
 
 
 1
 The issue in this appeal is whether the United States and its employees are exempt from liability for claims arising from the detention of goods by law enforcement officers who are not part of the Customs Service. We hold that they are exempt.
 
 I. BACKGROUND
 
 2
 Thomas Schlaebitz was arrested in the Miami International Airport for violating federal parole. He and a friend, William Ogle, had been deported from Grand Cayman Island, and had just arrived in the United States. Schlaebitz claims that he possessed sixteen pieces of luggage on his arrival, that he passed through customs without incident, and that, as he was proceeding through the airport, the United States Marshalls arrested him and confiscated his property. The property was later released to a third party. Schlaebitz contests this disposition of the property and claims damages of $11,000. He contends that he filed a claim with the Marshall's Service and never received a response.
 
 
 3
 Schlaebitz then filed the present action under the Federal Tort Claims Act, 28 U.S.C. Sec. 2674, naming the Department of Justice, the United States Marshall Service, five unknown Marshalls, Marshall David Little, and the United States Parole Commission. He has proceeded pro se.
 
 II. DISCUSSION
 
 4
 The government contends that the district court lacks subject matter jurisdiction because the Federal Tort Claims Act specifically exempts officials engaged in the actions alleged in the complaint. The Tort Claims Act does provide general authority for suits against the government: "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances...." 28 U.S.C. Sec. 2674. Section 2680, however, establishes several exceptions to this broad waiver of sovereign immunity, including liability for the detention of goods for tax and customs situations: "The provisions of this chapter and section 1346(b) of this title shall not apply to-- ... (c) Any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods or merchandise by any officer of customs or excise or any other law-enforcement officer." 28 U.S.C. Sec. 2680.
 
 
 5
 In Kosak v. United States, 465 U.S. 848, 104 S.Ct. 1519, 79 L.Ed.2d 860 (1984), the Supreme Court recently interpreted section 2680(c) to cover not only damages that stem from the act of detention itself, but also situations in which damages arise as a result of the detention, such as the negligent storing of antiques or art objects. Id., 104 S.Ct. at 1523-24. Therefore the injury Schlaebitz asserts, loss of his property because it was improperly released to a third party, is certainly within the contours of section 2680(c) and Kosak.
 
 
 6
 The Supreme Court did not address, however, whether the section 2680(c) exception applies where the officers who detained the property were not customs officials and were not acting in a customs capacity.[1] The specific exception addressed in section 2680(c) discusses the "collection of any tax or customs duty" and the detention by any tax or customs official. Thus we could construe the phrase "or any other law enforcement officer" as supplementing the tax and customs context of the exception, thus including only other officials assisting the customs or tax collection. See A-Mark, Inc. v. United States Secret Service, 593 F.2d 849, 851 (9th Cir.1978) (Tang, J., concurring).
 
 
 7
 The circuits that have addressed the issue, however, all agree that "other law enforcement officer" may include officers in other agencies performing their proper duties. See, e.g., Ysasi v. Rivkind, 856 F.2d 1520 (Fed.Cir.1988) (confiscation of property by the Immigration and Naturalization Service); Formula One Motors v. United States, 777 F.2d 822 (2d Cir.1985) (destruction of merchandise by the Drug Enforcement Agency); United States v. 2,116 Boxes of Boned Beef, 726 F.2d 1481 (10th Cir.), cert. denied sub nom. Jarboe-Lackey Feedlots, Inc. v. United States, 469 U.S. 825, 105 S.Ct. 105, 83 L.Ed.2d 49 (1984) (seizure by the Department of Agriculture). A district court in our circuit has followed this approach. See Milburn v. United States, 647 F.Supp. 1521, 1525 (S.D.Fla.1986) (seizure by United States Marshalls and the Federal Bureau of Investigation). As the Ysasi court stated, this interpretation comports well with both the Kosakopinion and the purpose of the statute. 856 F.2d at 1524-25.
 
 
 8
 We find the reasoning of the other circuits persuasive. Here there is no contention that the Marshalls were not acting within their lawful authority. The Tort Claims Act specifically exempts any claim based on the detention of goods by law enforcement officers in the performance of their lawful duties. We therefore hold that the district court properly dismissed Schlaebitz's claim for lack of subject matter jurisdiction.
 
 
 9
 AFFIRMED.
 
 
 
 *
 Honorable Seybourn H. Lynne, Senior U.S. District Judge for the Northern District of Alabama, sitting by designation
 
 
 [1]
 The Court expressly refused to decide what types of other officers were covered by Sec. 2680(c). 104 S.Ct. at 1522 n. 6