967 F.2d 586
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dick GIFFORD, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-35376.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 5, 1992.*
Decided June 9, 1992.
 
 Before FARRIS, WILLIAM A. NORRIS and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The United States is immune from suit for "[a]ny claim arising in respect of ... the detention of any goods or merchandise by any officer of customs or excise or any other law-enforcement officer." 28 U.S.C. § 2680(c). Gifford contends that section 2680(c) applies only to customs or excise officers. But we have held that "[s]ection 2680(c) ... does not apply solely to loss from detention of goods by tax or customs officers, but includes actions by 'any other law enforcement officer.' " United States v. Lockheed L-188 Aircraft, 656 F.2d 390, 397 (9th Cir.1979) (quoting 28 U.S.C. § 2680(c)); see also A-Mark, Inc. v. United States Secret Service, 593 F.2d 849, 850 (9th Cir.1978). Thus, the district court correctly held that the actions of the BLM law enforcement officers fell within section 2680(c).
 
 
 3
 Alternatively, Gifford asks us to overrule Lockheed. As a three-judge panel, we are bound by prior decisions of this circuit. Gifford must file a suggestion for rehearing en banc if he wishes the court to consider overruling Lockheed.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3