Ashley **KHAN**, Plaintiff,

v.

**UNITED STATES of America, et al.,** Defendants.

**No. 00 CV 3285(NG)(CLP).**

United States District Court, E.D. New York.

July 3, 2003.

Ashley Khan, for plaintiff.

Sharon L. Volckhausen, Assistant United States Attorney, New York City, for defendant.

### ORDER

GERSHON, District Judge.

Plaintiff, appearing pro se, brings claims pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcot-*

*ics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Plaintiff seeks monetary, declaratory and injunctive relief for violations of his First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment rights that allegedly occurred during plaintiff's incarceration at the Metropolitan Detention Center ("MDC") in Brooklyn, New York, the Metropolitan Correction Center ("MCC") in New York, New York and the Federal Correctional Center in Otisville, New York ("FCC Otisville"). Plaintiff also seeks damages under the Federal Tort Claims Act, 29 U.S.C. § 1346, for negligent destruction of his personal property.

The federal defendants moved on April 13, 2001, to dismiss certain claims pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) on the grounds that: (1) Section 1983 does not apply to federal actors; (2) plaintiff has not stated a claim under Section 1985 or Section 1986; (3) plaintiff's *Bivens* claim against the United States, Bureau of Prisons and all individuals sued in their official capacity must be dismissed as barred by sovereign immunity; and (4) plaintiff's *Bivens* claims against those defendants sued in their individual capacity must be dismissed as lacking the requisite specificity and/or unexhausted. Via letter dated July 3, 2002, defendant requested that plaintiff's remaining claims be dismissed as unexhausted under the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(a).

By stipulation dated June 22, 2001, plaintiff consented to dismissal of all claims against the United States, the Federal Bureau of Prisons, former Attorney General Janet Reno, Bureau of Prisons Director Kathleen Hawk Sawyer, Bureau of Prisons Northeast Regional Director David M. Rardin, MDC Warden Carlyle I. Holder, FCC Otisville Warden Frederick Menifee, Associate Warden of Operations at MDC Robert Palmquist, MCC Warden

Dennis Hastey, MDC Associate Warden William Wunderle, MDC Captain Salvatore LoPresti, and MCC Otisville Captain Billy Romero. By stipulation dated May 1, 2002, plaintiff consented to dismissal of all claims against defendant Lutheran Medical Center.

The other defendants, American Federation of Government Employees Local 2005 (AFGE Local 2005) and AFGE Local 2005 President Raymond Cotton ("President Cotton") also move to dismiss all of plaintiff's claims pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) on the grounds that: (1) neither AFGE Local 2005 nor President Cotton were properly served, (2) plaintiff fails to state a claim against AFGE Local 2005 or President Cotton; and (3) the court lacks subject matter jurisdiction to hear the plaintiff's claims against AFGE Local 2005 or President Cotton. Plaintiff has filed no opposition to this motion.

 In considering a motion to dismiss made pursuant to Rule 12(b)(6), the court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Bolt Electric, Inc. v. City of New York,* 53 F.3d 465, 469 (2d Cir.1995). Dismissal is appropriate only where it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Id.* This standard, as applied to *pro se* plaintiffs, requires that the court construe the complaint liberally. *Hughes v. Rowe,* 449 U.S. 5, 9–10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980)(per curiam). In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege sufficient facts to show: "(1) the conduct complained of was committed by a person acting under color of law; and (2) the conduct complained of deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States."

*Pitchell v. Callan,* 13 F.3d 545, 547 (2d Cir.1994).

 As a preliminary matter, this court lacks subject matter jurisdiction over AFGE Local 2005 and President Cotton. A federal-sector union has no obligation to represent the interest of an inmate in federal custody and, even if such obligation existed, a claim regarding a union's unfair labor practices under 5 U.S.C. § 7114(a)(1) rests within the exclusive jurisdiction of the Federal Labor Relations Authority. *Karahalios v. National Federation of Federal Employees, Local 1263,* 489 U.S. 527, 109 S.Ct. 1282, 103 L.Ed.2d 539 (1989). Accordingly, the court dismisses all claims brought against AFGE Local 2005 and President Cotton.

 As to the federal defendants, 42 U.S.C. § 1983 provides relief against defendants who act under color of state, not federal, law. *Wheeldin v. Wheeler,* 373 U.S. 647, 650, 83 S.Ct. 1441, 10 L.Ed.2d 605(1963). All of the remaining defendants listed in the complaint are federal employees or entities and therefore the court dismisses plaintiff's Section 1983 claims.

 Plaintiff has also made *Bivens* claims seeking monetary, declaratory and injunctive relief, for such things as excessive force and denial of medical care, against the following defendants in both their individual and official capacities: Captain at MDC, James Betler; Captain at Otisville, Hulett Keith; Disciplinary Hearing Officer at Otisville, Clemmie Cooper; Disciplinary Hearing Officer at MDC, Ebelia Carrero; Case Manager at MDC, Jose Mieles; Correctional Counselor at MDC, David Quaadman; Correctional Counselor at Otisville, Muriel Wilkens; Lieutenant at MDC, Stuart Pray; Lieutenant at MDC, Michael Lopez; Lieutenant at MDC, Thomas; Lieutenant at MCC,

Ralph Lucido; Lieutenant at Otisville, Juan Rodriguez; Lieutenant at Otisville, Eddie Soto; Lieutenant at MDC, Marjorie Glanville; Correctional Officer at MDC, Gary Allen; Correctional Officer at MDC, Thomas Cush; Correctional Officer at MDC, Charles Querrard; Correctional Officer at MDC, Byron Cobo; Correctional Officer at MDC, Wayne McBride; Correctional Officer at Otisville, Darren Compton; Correctional Officer at Otisville, Maritza Soto; Accounting Technician at MDC, Partricia Griffin; Staff Psychologist at Otisville, Lisa Cotton; Staff Psychologist at Otisville, Emily Streeter; Staff Psychologist at MDC, Manuel Coll; Health Services Administrator at MDC, Kevin McDonald; Health Services Administrator at MCC, Jane Vander Hey–Wright; Health Services Administrator at Otisville, Sung Lee; Clinical Director at MDC, Daniel Glover; Clinical Director at MCC, Kalidaikuruchi Sundaram; Clinical Director at Otisville, Ramon Malonso; Physician Assistant at MDC, Michael Borecky; Medical Officer at MDC, Nora Lorenzo; Physician Assistant at MDC, Linda Thomas; Associate Warden of Programs at MDC, Melvin Vaughn; Special Investigative Agent at MDC, Walter Obando; and Special Investigative Services Technician at MDC, Eduardo Cotto. However, *Bivens* authorizes only suits for monetary damages against federal officials sued in their individual capacity; it does not authorize suits against federal agencies or employees sued in their official capacities. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 485, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). Accordingly, plaintiff's claims against the defendants insofar as they are sued in their official capacity for monetary relief are dismissed.

■ Plaintiff has failed to state a claim under *Bivens* against certain defendants sued in their individual capacities. In order to maintain a *Bivens* action, a plaintiff must allege a violation by a federal official of a clearly established constitutional right for which the federal official does not have immunity. *Siegert v. Gilley*, 500 U.S. 226, 232, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991). Here, plaintiff has failed to allege any facts against defendants Cooper, Pray, Rodriguez, Cole, MacDonald, Hey–Wright, Surglee, Glover, Sundaram, Malonso, Borecky, Freeman and Lorenzo. Accordingly, plaintiff's *Bivens* claims against these defendants fail to state a claim and must be dismissed. *See Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979).

■ Plaintiff's *Bivens* claims against the defendants sued in their individual capacities as supervisors must also be dismissed. Federal officials who are not personally involved in an alleged constitutional deprivation may not be held vicariously liable under *Bivens* for the acts of subordinates. *Ellis v. Blum*, 643 F.2d 68, 85 (2d Cir.1981). Plaintiff has already consented to dismissal against all of the supervisory defendants named in their official capacities for failing to investigate and correct plaintiff's conditions, with the exception of defendant Lieutenant Thomas. Plaintiff has made only general claims that the supervisory defendants, including Lieutenant Thomas, "failed to investigate" various "claims and complaints" and that they "failed to correct a condition which they were all made aware of was in existence." Since plaintiff has made only very conclusory allegations against Lieutenant Thomas, that are insufficient to show support personal involvement in any of the acts that form the basis of plaintiff's claims, the court dismisses the plaintiff's *Bivens* claims against Thomas.

The court notes that plaintiff raises two instances of destruction of property for which he seeks compensation pursuant to the Federal Tort Claims Act. The first is alleged to have occurred "between the

months of March and May of 1999," during which time plaintiff claims Officer Glanville "infiltrated his linens with a red fluid that appeared to be Louisiana Hot Sauce." Plaintiff further alleges that in late August of 1999, Officer Rivera "infiltrated his belongings with baby oil, powder and lotion." Defendants claim that plaintiff brought an administrative claim in December of 1999 that was settled and another in February of 2000 that was denied.

 Defendants argue that plaintiff's Section 1985, Section 1986, federal tort and *Bivens* claims (against the defendants sued in their individual capacities), must be dismissed for, among other reasons, failure to exhaust pursuant to the PLRA, 42 U.S.C. § 1997e(a). Because the court finds that all of plaintiff's claims may be barred as unexhausted, it will not, at this time, address defendant's other arguments that plaintiff's complaint should be dismissed.

The PLRA provides that a prisoner may not seek judicial review of an action "with respect to prison conditions under section 1983 of this title, or any other Federal law" prior to exhausting all administrative remedies. 42 U.S.C. § 1997e(a). The Supreme Court's decision in *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002), made clear that the scope of PLRA's exhaustion requirement includes "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or *some other wrong*." (emphasis added). Defendants have made a showing, based upon the Declarations of Patricia M. Gotts and Todd Bailey that the plaintiff never availed himself of the available administrative remedies. Under the holding of *Porter*, the court sees no reason why the exhaustion requirements of the PLRA should not be applied to Sections 1985, 1986, federal tort and *Bivens* claims brought by a prisoner; and, if the plaintiff did not in fact exhaust his administrative remedies, then his entire action must be dismissed. However, plaintiff claims in paragraph six of his sworn Affirmation in Response to Defendant's Partial Motion to Dismiss, that he did properly seek administrative remedies for his complaints, that such efforts were blocked by certain defendants and that he retained copies of "these remedies." Defendants argue that, because evidence of exhaustion has not been produced by plaintiff, the declarations produced by defendants are controlling, and the court should dismiss plaintiff's remaining claims. However, as the notice required by Local Rule 56.2 was never provided to plaintiff, he was under no obligation to produce such evidence. Plaintiff is hereby put on notice that defendant's motion to dismiss will be construed as a motion for partial summary judgment and, in accordance with Local Rule 56.2, notice pursuant to that Rule is attached to this order.

According to plaintiff's papers, as of the date of this order, he is expected to be out of custody and available for discovery purposes. Plaintiff will be given an opportunity to respond to the defendants' arguments that he failed to exhaust within sixty (60) days of the date of this order. If plaintiff responds, reply papers may be filed by defendants within thirty (30) days. Should plaintiff fail to comply with this order, defendants' motion for summary judgment may be granted on the existing record.

### Conclusion

Plaintiff's claims against AFGE Local 2005 and President Cotton are dismissed. Plaintiff's Section 1983 claims are dismissed. Plaintiff's claims for monetary relief against those defendants sued in their official capacities are dismissed. Plaintiff's *Bivens* claims against Lieutenant Thomas are dismissed. (However, if plaintiff's

claims survive the motion for summary judgment based on non-exhaustion, plaintiff will be permitted to replead his claims against Lieutenant Thomas.) Plaintiff's *Bivens* claims against individual defendants Cooper, Pray, Rodriguez, Cole, Mac-Donald, Hey–Wright, Surglee, Glover, Sundaram, Malonso, Borecky, Freeman and Lorenzo are dismissed.

Defendants' motion for dismissal under the PLRA will be treated as motion for partial summary judgment and the parties are directed to follow the schedule set forth above.

**SO ORDERED.**