Amr **IBRAHIM**, Plaintiff,

v.

The **UNITED STATES** of America, United States Department of Homeland Security, Janet Napolitano, United State Customs and Border Protection, and an Unknown Number of Unnamed U.S. Customs Officers "John Does", Defendants.

No. 09–cv–1909 (ENV)(VVP).

United States District Court, E.D. New York.

March 9, 2012.

Amr A. Ibrahim, Brooklyn, NY, pro se.

Goodwood Import, Inc., Brooklyn, NY, pro se.

Nancy A. Miller, Ameet B. Kabrawala, United States Attorneys Office, Brooklyn, NY, for Defendants.

## MEMORANDUM & ORDER

ERIC N. VITALIANO, District Judge.

Plaintiff Amr Ibrahim brings this action, *pro se*, against the United States and several agency and individual defendants (including an unknown' number of "John Does"), He seeks to recover $73,453 for damage allegedly done to his furniture in the course of a customs inspection that took place in Detroit, Michigan. Ibrahim claims entitlement to relief under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680, as well as pursuant to *Bivens v. Six Unknown Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Defendants now move for judgment on the pleadings. For the reasons stated below, defendants' motion is granted in its entirety.

## I. Background

The following facts are drawn from Ibrahim's second amended complaint, and all reasonable inferences are construed in plaintiff's favor. *See Hayden v. Paterson,* 594 F.3d 150, 157 n. 4 (2d Cir.2010).

Ibrahim is a citizen of Egypt residing in the United States, who sought to start a furniture business called "Good Wood Imports, Inc." Ibrahim travelled to Egypt in 2007 to procure his first shipment of goods to sell in the United States. On October 10, 2007, he personally attended the sealing and shipping of a container carrying 186 pieces of furniture bound from Damietta, Egypt to Toledo, Ohio. Plaintiff allegedly purchased that inventory for $49,750. The shipment of furniture travelled from Egypt to the United States, making stops in Newark, New Jersey and Detroit, Michigan. It arrived at Ibrahim's office in Ohio on November 28, 2007.

According to plaintiff, upon opening the furniture shipment, he discovered the vast majority of the pieces in a state of disrepair or outright destruction. He claims the furniture had been cracked, chipped, and otherwise bruised, with many of the pieces also having been cut open in an "L-shape," leaving springs and sofa innards spilling into the cargo container. Plaintiff avers this damage was done by agents of United States Customs and Border Protection ("CBP") in the course of a detention and search of the container in Detroit, Michigan.

Following discovery of the damage, Ibrahim filed an administrative claim with CBP, which was denied on February 23, 2009. The original complaint in this Court followed on August 20, 2009. The second amended complaint was filed on April 21, 2010. Defendants answered on May 21, 2010. The parties then engaged in discovery, which closed on July 6, 2011. Defen-

dant's motion for judgment on the pleadings was fully briefed on August 26, 2011.

## II. Standard of Review

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings at any time "[a]fter the pleadings are closed—but early enough not to delay trial." On a motion under Rule 12(c), the same standard applies as that "applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party," *Hayden*, 594 F.3d at 157 n. 4 (citations omitted), "unless the allegations are 'supported by mere conclusory statements,'" *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)). In deciding a Rule 12(c) motion, a court may consider only the contents of the pleadings themselves, documents attached to the pleadings as exhibits or incorporated by reference, and items of which judicial notice may be taken. *See Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir.1993). Additionally, where a document is not incorporated by reference, the court may nevertheless consider it where the pleadings rely "heavily upon its terms and effect, thereby rendering the document integral to the [pleadings]." *DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir.2010) (quotations omitted).

Though parties proceeding *pro se* are generally given special solicitude in interpretation of their pleadings, *see Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir.2010), Ibrahim's second amended complaint was drafted by an attorney while he was repre-

sented in this case. There is, therefore, no need to grant such solicitude with respect to his complaint. His motion papers though, having been filed *pro se*, will be construed to "raise the strongest arguments they suggest." *Bertin v. U.S.*, 478 F.3d 489, 491 (2d Cir.2007) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

## III. Discussion

### A. The FTCA Claim

Ibrahim purports to sue the United States in tort for the destruction of his property. Even though the United States may be sued in tort for certain wrongful conduct, the particular claim Ibrahim brings fails outright; the Court does not have subject matter jurisdiction to adjudicate it.[1]

■ Sovereign immunity generally makes the United States absolutely immune from suit. "[T]he United States may not be sued without its consent and ... [that] consent is a prerequisite for jurisdiction." *Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir.2004) (quoting *United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983)) (quotations omitted). The Federal Tort Claims Act provides this consent through a jurisdictional grant, acting as a limited waiver of the government's sovereign immunity. *See Adeleke*, 355 F.3d at 153; 28 U.S.C. § 1346.

The FTCA provides that the United States shall be liable, to the same extent as a private party, "for injury or loss of property, or personal injury or death caused by

---

1. "The FTCA expressly provides that only the United States may be held liable for torts committed by a federal agency, and not the agency itself." *C.P. Chem. Co. v. United States*, 810 F.2d 34, 37 n. 1 (2d Cir.1987); *see also* 28 U.S.C. § 2679(a). As a result, neither the Department of Homeland Security nor CBP are proper defendants in this action. Both agencies are, therefore, dismissed. For the same reason, any claim plaintiff purports to bring against any individual defendant under the FTCA is also dismissed.

the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1); *see also Kosak v. United States,* 465 U.S. 848, 851–52, 104 S.Ct. 1519, 79 L.Ed.2d 860 (1984). "The FTCA qualifies its waiver of sovereign immunity for certain categories of claims (13 in all). If one of the exceptions applies, the bar of sovereign immunity remains." *Dolan v. United States Postal Serv.,* 546 U.S. 481, 485, 126 S.Ct. 1252, 163 L.Ed.2d 1079 (2006); *see also Formula One Mot., Ltd. v. United States,* 777 F.2d 822, 823 (2d Cir.1985). One of these exceptions narrows the FTCA's waiver by maintaining the government's immunity for "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." 28 U.S.C. § 2680(c).

The Supreme Court has interpreted this exception to cover "any claim 'arising out of the detention of goods,'" *Kosak,* 465 U.S. at 854, 104 S.Ct. 1519, holding that the statute "does not cover suits alleging that customs officials injured property that had been detained by the Customs Service," *id.* at 862, 104 S.Ct. 1519 (rejecting an exception for claims arising from negligence in the course of detention). The Court thus "declined to limit section 2680(c) to claims based on the fact of detention, such as diminution in market value, and construed it to cover any claim 'arising out of a detention, including a claim stemming from negligent storage or handling of the property.'" *Formula One,* 777 F.2d at 824 (affirming dismissal for lack of subject matter jurisdiction where plaintiff's car had been detained and effectively destroyed in the course of a search for smuggled drugs).

■ Ibrahim's claim falls squarely within § 2680(c)'s jurisdictional exclusion.

Though the government disputes the nature of the search that was actually performed on plaintiff's shipment, the operative complaint makes crystal clear that Ibrahim seeks to recover for damage "arising out of" a customs detention and resulting search of his property. *Formula One,* 777 F.2d at 823. Leaving no room for doubt, he alleges that his furniture shipment was detained by CBP for an "intensive search" in Detroit and, in the course of the detention, the furniture was severely damaged. Though, equally without doubt, it is unfortunate that plaintiff's furniture is ruined, the law is clear that the United States retains its sovereign immunity on the circumstances Ibrahim describes. As a result, this Court has no subject matter jurisdiction over Ibrahim's claim. It is dismissed.

### B. Constitutional Claims

■ On a separate track, plaintiff alleges that the United States, the Department of Homeland Security ("DHS"), CBP, and the individual defendants violated his constitutional rights under the Fourth and Fifth Amendments. His causes of action are anchored in the Supreme Court's decision in *Bivens v. Six Unknown Agents,* 403 U.S. at 394–96, 91 S.Ct. 1999, which implied a right of action for damages against federal officers for constitutional torts. "To state a *Bivens* claim, a plaintiff must allege a deprivation of constitutional rights by defendants acting under color of federal law." *Perez v. Hawk,* 302 F.Supp.2d 9, 18 (E.D.N.Y.2004). For the most part, case law under 42 U.S.C. § 1983, covering constitutional violations by state actors, applies to *Bivens* cases. *Chin v. Bowen,* 833 F.2d 21, 24 (2d Cir.1987) (quoting *Ellis v. Blum,* 643 F.2d 68, 84 (2d Cir.1981)).

### 1. The United States, DHS, and CBP

■ Sovereign immunity shields the United States, its agencies, *and* federal

employees sued in their official capacities from constitutional tort claims. *See Castro v. United States,* 34 F.3d 106, 110 (2d Cir.1994); *see also Perez,* 302 F.Supp.2d at 18. *Bivens* only authorizes suits for monetary damages against federal officials sued in their individual capacity. *F.D.I.C. v. Meyer,* 510 U.S. 471, 485, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); *Perez,* 302 F.Supp.2d at 18; *Khan v. United States,* 271 F.Supp.2d 409, 413 (E.D.N.Y.2003). *Bivens* claims are in a different pew than FTCA claims, but the result is the same with claims of the sort asserted by Ibrahim against equally immune defendants. Accordingly, plaintiff's *Bivens* claims against the agency defendants and the United States itself are dismissed with prejudice.

### 2.  *The Individual Defendants*

Plaintiff's complaint also interposes *Bivens* claims against Secretary of Homeland Security Janet Napolitano and the unknown CBP officers who allegedly searched the furniture shipment in Detroit.  During a conference with Magistrate Judge Pohorelsky and defendants' counsel, however, Ibrahim indicated in no uncertain terms that it was never his intention to sue any individuals; he intended to move forward only against the United States.  Furthermore, in his opposition to the instant motion, plaintiff indicated his intent to dismiss his claims "regarding 'John Doe' [and] Mrs. Napolitano" because they are "radical and a waste of the courts [sic] time."  For this reason, all claims

against the "John Doe" defendants are dismissed without prejudice.[2]

The *Bivens* claim against Secretary Napolitano is also dismissed from this action, but with prejudice since plaintiff fails to allege—and there is no reason to believe—that Secretary Napolitano (or any other Secretary of Homeland Security) was personally involved in any search of plaintiff's furniture.  "It is well-settled that any lawsuit against an agent of the United States in [her] official capacity is an action against the sovereign itself," *Perez,* 302 F.Supp.2d at 18 (citing *Kentucky v. Graham,* 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)), and thus barred by sovereign immunity.  *Bivens* liability lies only against individual government officers acting in their individual capacity who were directly involved in the claimed violation.  *Arar v. Ashcroft,* 585 F.3d 559, 569 (2d Cir.2009).  The *Bivens* claims against Secretary Napolitano are, consequently, dismissed with prejudice.

### C.  *Equitable Relief*

Finally, plaintiff requests general equitable relief in the form of information from the United States regarding the reasons for and scope of the search performed on his shipment of furniture.  As all claims have been dismissed and this Court is without subject matter jurisdiction to hear the dispute between plaintiff and the government, there is no basis for such relief.  Information seeking, moreover, is not the object of equity.  Such requests are ordinarily governed by the Freedom of Infor-

---

**2.**  Plaintiff, in his opposition papers, suggests the magistrate judge "informed" him that the continued viability of his entire action was contingent on dismissal of the individual defendants.  This is simply not the case.  The transcript from the May 27, 2010 conference shows that Judge Pohorelsky advised Ibrahim that claims against the "John Does" may face

difficulties due to concerns regarding personal jurisdiction over individuals apparently residing in Detroit.  Plaintiff then stated that he never intended to bring these claims and expressed his intent to proceed without them. (*See* Transcript of May 27, 2010 Conference, Dkt. No. 46, at pp. 9–10.)

mation Act. The request for equitable relief, too, is denied.

## IV. Conclusion

For the reasons stated above, defendants' motion for judgment on the pleadings is granted in its entirety. All claims against the United States, the Department of Homeland Security, Customs and Border Protection, and Janet Napolitano are dismissed with prejudice for want of subject matter jurisdiction. Plaintiff's claims against the individual CBP officers who allegedly searched plaintiff's furniture in Detroit are dismissed without prejudice. Plaintiff's request for equitable relief is denied.

The Clerk is directed to enter judgment for defendants in accordance with this Memorandum and Order and to close the case.

**SO ORDERED.**